SETH DUNCAN v. THE STATE.

No. 5310.   Decided November 5, 1919.

1.—Forgery—Sufficiency of the Evidence—Charge of Court.

Where, upon trial of forgery alleging that defendant filled out a certain check and placed therein an amount not authorized by the payor, it became a question whether he had the authority to do so, it was the function of the jury to decide this issue on proper instructions of the court, and the jury having found him guilty, although the evidence was conflicting, there was no reversible error.

2.—Same—Evidence—Other Transactions.

Upon trial of forgery by filling out a signed blank check in a sum not authorized by the payor, there was no error in admitting evidence with reference to a certain note and other transactions occurring at the time of the signing of the check by the payor, as bearing on the question as to whether defendant had authority to fill out the check in the amount he claimed.

3.—Same—Evidence—Custom of Banks—Clearing House.

Upon trial of forgery, by filling out a check in an unauthorized sum, there was no error in admitting evidence with reference to the custom where banks handle checks through a clearing house.

4.—Same—Forgery—Swindling—Definition of Offense.

Where, upon trial of forgery by filling out a blank signed check for an unauthorized amount, defendant contended that if any offense was committed it was not forgery but swindling, such contention, under the facts of the instant case under the law applicable thereto, is untenable. Following: Hooper v. State, 30 Texas Crim. App., 412.

5.—Same—Rule Stated—Definition of Offense—Blank Check—Signature.

Where a person procures the signature of another upon a blank paper, and without authority of the latter writes an apparently valid instrument

above it he is guilty of forgery, and the rule is the same where an agent having the genuine signature of his principal with instructions to write an instrument in a certain way, disobeys his instructions.

### 6.—Same—Rule Stated—Statutes Construed—Filling Out Signed Blank Check.

If the case be one of swindling or forgery, the statute requires prosecu_tion for the forgery, and where defendant was charged with filling out a blank check signed by his principal in an amount not authorized by the latter, he was correctly prosecuted for forgery.

### 7.—Same—Swindling—Forgery—Definition of Offense—Case Stated.

Where, upon trial of forgery by filling out a signed blank check for an amount not authorized by the payor, the evidence showed that defendant presented the check to a banker and asked him to ascertain if the check would be paid in any amount at a certain other bank and the said banker after inquiry from the said other bank, stated that the said check would be paid in any amount, and the defendant thereupon directed said banker to fill the check out for $1262, and the evidence showed that the defendant was not authorized to fill out said check in an amount exceeding $40, the offense was forgery; it appearing that the payor knew nothing about the latter transaction.

### 8.—Same—Innocent Agent—Principal.

Where, upon trial of forgery by filling out a signed blank check in an unauthorized amount, there was no merit in defendant's contention that another filled out said check at defendant's direction, who was not aware that he was filling a fraudulent check; and this would be no defense to the charge of forgery.

### 9.—Same—Evidence—Endorsement—Check—Circumstantial Evidence.

Where, upon trial of forgery upon the unlawful filling out of a signed blank check, the State introduced its endorsement by the defendant, to which the latter objected which objection the court overruled, there was no reversible error.

Appeal from the District Court of Williamson. Tried below before the Hon. James R. Hamilton, judge.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*E. A. Berry,* Assistant Attorney General, *Wilcox & Graves,* for the State.—On question of charge of court: Davis v. State, 70 Texas Crim. Rep., 253, 156 S. W. Rep., 1171: McCay v. State, 22 id., 974.

On question of swindling: Spicer v. State, 52 Texas Crim. Rep., 177,105 S. W. Rep., 813; Ferguson v. State, 79 Texas Crim. Rep., 641, 187 S. W. Rep., 476.

On question of forgery: Lumpkin v. State, 204 S. W. Dep., 431, and cases cited in the opinion.

Upon question where the offense partakes of the nature of both swindling and forgery, the prosecution should be for forgery: Scott v. State, 48 S. W. Rep., 523; Witherspoon v. State, 37 id., 433; Abel v. State, 97 id., 1055; Hirschield v. State, 11 Texas Crim. App., 207.

DAVIDSON, JUDGE.—Appellant was convicted of forgery, his punishment being assessed at two years' confinement in the penitentiary.

The facts show that R. F. Coleman gave appellant a signed but unfilled check with authority to fill in the check, for an amount not to exceed $40. Appellant's contention is that he had authority to fill in the check for $1250 and included incidental expenses in making the trip from Cameron, where the check was given, to Granger where it was filled out and presented for payment. The check was made out for $1262. When appellant arrived at Granger from Cameron he presented himself at the bank with the unfilled check, left it with Stefka, who was an officer of the bank, requesting Stefka to communicate with the bank at Cameron to ascertain if they would honor the Coleman check for any amount, stating he would return later. Appellant left the bank, and later returned. In the meantime Stefka communicated with the bank at Cameron and received information over the 'phone that they would honor the Coleman check for any amount, Stefka so informed appellant upon his return to the bank. Stefka, at the instance of appellant, filled out the check for $1262. Appellant then endorsed the check. The money was placed to appellant's credit, and later during the same evening drawn out. Appellant's contention, with reference to the authority to fill in the check, was, substantially, that he, Coleman and Mrs. Coleman had been warm friends; that Coleman was in the service of the penitentiary at Huntsville while appellant was an inmate under conviction for murder, and later had assisted in securing appellant's pardon. Upon receiving the pardon appellant went to the Coleman home in Cameron. The relations between Coleman and his wife and appellant were shown to be intimate, if not confidential. Appellant's contention was that Coleman was jealous of his wife and secured appellant's service to follow her on a trip she made to ascertain if there was anything of an illicit character connected with her trip. At Somerville about forty-five or fifty miles from Cameron appellant ascertained and reported to Coleman that his wife was there registered as the wife of another man, and occupied the same room. In other words, that he had discovered evidence of illicit conduct on her part, returned and reported to Coleman. That Coleman followed this up by a visit himself to Somerville. For this service on the part of appellant Coleman agreed to pay him $2500. Upon Mrs. Coleman's return to Cameron she secured a letter written by her husband to another woman of a very compromising nature, which brought about trouble in the Coleman family. Coleman thereupon suggested to appellant that he thought $1250 was a sufficient amount to pay for this service, under the circumstances. There

is evidence also that Coleman signed a note with appellant for $250, which Coleman had to pay, and that this note had been placed by Coleman in the hands of an attorney for collection from appellant, and had matured into a judgment against appellant in favor of Coleman. The question finally turned itself, to some extent at least, upon the truthfulness of the statements and contentions by Coleman on one side and appellant on the other with reference to the amount to be placed in the check. These matters were submitted to the jury and we think under appropriate instructions, and not only so, but special instructions were given at the instance of appellant more fully submitting these matters. The jury was told, in effect, that if appellant had the right to fill in the check for any amount, or believed he had the right to fill in the check, or there was a reasonable doubt upon these propositions, they should acquit. We think the charge sufficiently presented this phase of the case.

There was also exception taken to the introduction of evidence with reference to the $250 note, and the transactions occurring with reference to it. This seems to have been brought out from Coleman on cross-examination by the defendant, but we are of opinion that it was proper testimony as bearing upon the question as to whether Coleman had given appellant authority to draw on him for $1250, When this note was due and unpaid.

There was also objection to the evidence of Stefka to the effect that it was the custom of banks to handle checks through the clearing house. Stefka testified that the check went from his bank to a bank at Waco, and thence to the bank at Cameron.

There are quite a lot of detail matters in the record that are unnecessary to recapitulate. All these contentions of appellant are largely based upon the proposition that, conceding the State's case and that Coleman signed the check and authorized appellant to fill it out, it would be a case of swindling and not of forgery. To this proposition this court cannot assent. In Hooper v. State, 30 Texas Crim. App., 412, a very similar case, the court decided the question adversely to appellant's contention. This seems to be the well recognized rule in cases of this character. Cases supporting this proposition, will be found in note 21, on page 1373 of 19th Volume of Cyc. Quoting from the last cited authority we find this language: "Where a person procures the signature of another upon a blank paper, and, without authority from the latter, writes a promissory note or other apparently valid instrument above it, he is guilty of forgery." A number of cases are cited in note 20. Further quoting: "And the rule is the same where an agent, having the genuine signature of his principal with instructions to write an instrument in a certain way, disobeys his instructions." See Hooper v. State, 30 Texas Crim. App., 412; same case, 28 Am. St. Rep., 926; State v. Kroeger, 47 Mo., 552; Commonwealth v. Pioso, 17 Pa. Super. Ct., 45, and quite a number of English cases collated in the same note. If appellant had the

authority to fill out this check for $1262, as he contended, he was not guilty of forgery, or swindling. If he did not have this authority, and that authority was limited to not to exceed $40, then it would constitute forgery in filling it out as he did. If the case be one of swindling or forgery, the statute requires prosecution for the forgery. Banch's Ann. P. C., Art. 1425 and cases there collated.

Nor can we concede the correctness of the proposition that the action of Stefka in ascertaining from the bank the fact that the bank would pay any amount filled in changed it from forgery to swindling. Stefka did not discuss the matter over the phone with Coleman, but he discussed it with the bank. There is nothing to show that Coleman authorized the bank to make the statement that was made to Stefka, and in fact it would seem that Coleman knew nothing about that. The statement of the bank was not binding on Coleman, unless there was an agency shown which would bind Coleman to their statement. Appellant was not charged with swindling Stefka or the Cameron bank. He was charged with forging a check by filling out the amount over a genuine signature, which is denounced as forgery by the statute.

Nor is there any merit in the contention that Stefka filled out the check. Stefka filled it out at the request and suggestion of appellant, and was not aware of the fact that there was a want of authority on the part of appellant to so fill it out. In other words, appellant was using Stefka as an innocent agent to fill out a fraudulent check. This did not relieve appellant. The statute provides that under such circumstances the party securing the action of an innocent agent would be guilty as a principal. Branch Ann. P. C., Art. 77.

Appellant's contention that his endorsement was not proper evidence cannot be maintained. It is true that the endorsment was not alleged as forgery. The forgery was alleged upon the unlawful filling out of the check. The endorsement on the check would be proper evidence as against appellant under the circumstances of this case. A great many authorities are collated by Mr. Branch in his Ann. P. C., on page 851.

We are of opinion there has been no reversible error committed on the trial of the case, and the judgment should be, therefore, affirmed.

*Affirmed.*