## Redic Grandberry v. The State.

### No. 5549.        Decided November 12, 1919.

**Manufacture of Intoxicating Liquors—Plea of Guilty—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquors under the so-called statewide prohibition statute, passed by the fourth called session of the Thirty-fifth Legislature, it appeared from the record that defendant had pleaded guilty and was assessed the lowest punishment, he is not in position to urge the insufficiency of the evidence as a ground for reversal; besides, if a statement of facts is considered the verdict is sustained. Davidson, Presiding Judge. dissenting, holding that the statute is invalid.

Appeal from the District Court of Smith. Tried below before the Hon. J. R. Warren, judge.

Appeal from a conviction of manufacturing intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of confession: Pritchard v. State, 77 Texas Crim. Rep., 145, 177 S. W. Rep., 959; Best v. State, 72 Texas Crim. Rep., 201.

On question of estoppel: Figueroa v. State, 71 Texas Crim. Rep.. 371.

MORROW, JUDGE.—The appellant is charged with the unlawful manufacture of intoxicating liquors. He entered a plea of guilty, and was assessed the lowest penalty. Under these circumstances he is not in position to urge as a ground for reversal the insufficiency of the evidence to prove his guilt. Doane v. State, 36 Texas Crim. Rep., 468; Shelton v. State, 30 Texas, 431; Woodall v. State, 58 Texas Crim. Rep., 513. 126 S. W. Rep., 592; Josef v. State, 26 S. W. Rep., 213. If we were to look to the evidence, however, it is sufficient to sustain the verdict. He admitted that he made whisky, and further proof was not required to show that the liquor was intoxicating. Rutherford v. State, 49 Texas Crim. App., 21.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—This is a conviction for violating what is known as the State-wide prohibition statute, passed by the Fourth Called Session of the Thirty-fifth Legislature, page 37 of the Acts of that body. It prohibits, among other things, the manufacture of intoxicants except for medicinal, sacramental, scientific and mechanical purposes. The evidence may be sufficient to show that appellant manufactured intoxicants, except by deduction and inferences it is not shown that it was not manufactured for medicinal purposes, or for any specific purpose, but without discussing that feature of the case, I am persuaded that this conviction ought not to stand; that the Act is invalid and should not be upheld in any of its phases. I do not purpose to discuss that view further than to refer to my dissenting opinions in Ex parte Fulton 86 Texas Crim. Rep., 149 215 S. W. Rep., 331, and Ex parte Davis, 86 Texas Crim. Rep.,168 215 S. W. Rep., 341, both of which cases have been decided by this court recently. I might add other and different reasons for disagreeing with the majority opinion, but deem it unnecessary. Without writing further I am still of opinion that the Act under which this conviction occurred is invalid. What I say here will apply to several other cases that are now pending involving the same question, tried by the same judge, and from the same county, to-wit: Smith County.