## MINNEY et al. v. FURMAN, LAWRENCE & PARKER. (No. 371.)

(Court of Civil Appeals of Texas. Waco. June 3, 1926. Rehearing Denied July 5, 1926.)

1. **Insurance** ⚓133(1).

Policy in form promulgated by state insurance commission for partial or total leasehold destruction *held* not void because of limitation of liability to total destruction and collection of full rate fixed by commission for total or partial destruction, but attempted limitation only was void.

2. **Insurance** ⚓188(3)—Question whether agents issuing policy at legal rate for total or partial destruction agreed and failed to obtain cheaper rate for total destruction held not raised by evidence.

Question, whether agents issuing leasehold policy at rate fixed by insurance commission for total or partial destruction of building agreed to obtain cheaper rate than that carried for total destruction and failed to do so, *held* not raised by evidence in suit for unpaid premium.

3. **Insurance** ⚓183.

Assured accepting benefits of policy under definite contract cannot raise question whether rate charged is unreasonable or exorbitant.

4. **Insurance** ⚓183—Unreasonableness and exorbitancy of rate fixed by insurance commission is no defense to suit for unpaid premium (Rev. St. 1925, arts. 4878–4888).

Insurance commission being required to fix rates under Rev. St. 1925, arts. 4878–4888, unreasonableness and exorbitancy of rate charged is no defense to suit for unpaid premium.

⚓For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by Furman, Lawrence & Parker against D. F. Minney and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Hendricks & Bell, of Fort Worth, for appellants.

Polk & Sansom, of Fort Worth, for appellees.

BARCUS, J. Appellees were engaged in writing fire insurance, and appellants had a 20-year lease on the Worth Building in Fort Worth and made application to appellees for a leasehold policy of insurance covering only a total destruction of the building. Appellees did not know what rate the state insurance commission had fixed on said building for this class of risk and wrote the policy at an open rate for $40,000, with the promise that they would obtain the rate and furnish appellants therewith. The form of policy used was a leasehold policy covering both partial or total destruction of the building, with a clause inserted therein that the liability of the company was limited to a total destruction of the building. In a few days appellees gave appellants the rate, which was in fact the rate the state insurance commission had fixed for a total or partial destruction, being the only rate authorized by the state insurance commission for leasehold insurance. The total premium under the rate as furnished by appellees to appellant for the year's insurance was $464, or $1.16 per hundred. The policy was written in December, 1922. In July, 1923, there was a readjustment of the rate under the direction of the state insurance commission, and it was reduced to 90 cents, and appellants were notified thereof and given credit for $45.50, the difference in the original and the new rate.

Appellants paid on the insurance policy premium $26.90 in April, $100 in June, $50 in July, and $40 on October 19th. On October 30th appellees demanded that appellants pay at once $203.60, the remainder of said premium, which they refused, and appellees canceled the policy for nonpayment and gave appellants credit for the unearned premium of $57.00, leaving a balance of $146.60 unpaid. Appellees instituted this suit in the justice court to recover said sum. It was appealed to the county court, where the cause was tried to a jury. At the conclusion of the testimony the court instructed the jury to return a verdict for appellees for the amount sued for.

[1] Appellants contend that the policy which appellees issued was void because they used the form as promulgated by the state insurance commission for a partial or total leasehold destruction, and limited the liability of the company to a total destruction, and because the company collected the full rate as fixed by the insurance commission for both a total or partial destruction. This contention has been adversely decided to appellants. In the case of Commercial Union Assurance Co. v. Preston (Tex. Civ. App.) 238 S. W. 326, which holding was approved by the Supreme Court on April 1, 1926, 282 S. W. 563, the court held that where an insurance company collected for risks at the rate fixed by the state insurance commission and attempted to limit its liability by eliminatng certain features of the risk, it did not vitiate the policy, but that the attempted limitation was void, and held that the insurance company was obligated to pay for the entire risk for which they had collected premiums.

[2-4] Appellants further contend that they are not liable because appellees promised and agreed to obtain for them a cheaper rate than that carried for the total destruction of the building, and that they had failed and refused so to do. There is no evidence raising this issue. The record shows that the policy was issued by appellees and accepted by appellants at the rate fixed by the state insurance commission, and that thereafter it was reduced and appellants were notified thereof, and with full knowledge of the rate being charged, kept the policy for practically ten months and made no objection thereto. Appellant Minney, who handled the matter for appellants, testified that he never objected to the policy until they took it up, and that he told appellees, if they would give him time he would pay it, but that if they took it up he would not pay the remainder of the premium except at the end of a law suit. Appellants never offered to surrender the policy and never requested that same be canceled. Appellants contend the rate charged by appellee is unreasonable and exorbitant. These questions cannot be raised by the assured after they have accepted the benefits of the policy under a definite contract; and said defense is of no avail because the Legislature had provided a state insurance commission which is required to fix rates and neither the insurance companies nor their agents have any power or authority to fix rates or write policies at any rate different from those promulgated by it. Articles 4878 to 4888, inclusive, Revised Statutes.

We have examined all of appellants' assignments of error, and same are overruled.

The judgment of the trial court is affirmed.