## JUSTINE CONDE, ALIAS JESS CONDE, V. THE STATE.

No. 17087.  Delivered December 19, 1934.
Reported in 77 S. W. (2d) 684.

The opinion states the case.

*Mays & Mays,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for a period of not less than two nor more than ninety-nine years.

As the facts are understood, appellant and two other persons were charged with the offense of murder. In an effort to rob a filling station a man was killed. The conviction of the appellant results from the homicide. Each of the parties mentioned made a written statement. That of the appellant, which was introduced in evidence, is to the effect that he and two companions were riding at night in an automobile in which there were several pistols. There was some discussion about robbing a filling station. In his statement appellant disclaimed any intent to participate in the robbery. However, it appears from the statement that when the two other persons went to the filling station appellant remained in the automobile nearby; that the engine was kept running, at least he thinks he kept it running, until the two men returned to the car, whereupon the three fled from the scene of the homicide. It further appears from the statement that a shot was fired and a short time thereafter the appellant's companions appeared and entered the automobile. The three men then drove away at a high rate of speed. On the following morning appellant learned from reading the paper that the man who had been shot was dead. Appellant then left the State with one of the men who had engaged in the robbery. As understood from the record, the appellant's hat was found near the scene of the tragedy.

The son of the deceased, who was his partner in business, described the attack and the homicide. From his testimony we quote: "At the time these three boys came up and attempted

to rob my father I was at the sandwich shop. I heard the shot at the time it was fired, but I did not get a good look at the boys, and was not able to identify them."

. . The parties were fully identified by the appellant's confession in which the following appears:

"I am making this statement, but I denied knowing anything about the attempted hold up and murder, and this is the first time I have told anyone about it."

"The gray hat with the narrow black band which is now before me while I am making this statement is my hat, and I bought it from Mr. Zimmerman at the Panther Shop, and the two pistols I carried to the Trinity River the next morning after the shooting, which was Saturday, and threw them in the river; this murder has worried me to death, and I couldn't look his son, Cullen Horton, who is an awful nice fellow, straight in the eye; since this murder happened I couldn't live right; I didn't seem like myself."

*　*　*　*　*

"Since the killing I have always thought that the law would get me sooner or later and figured out there would be a day of reckoning and that some time or other I would be caught and I am now glad that it is cleared up and straightened out and I feel better about it."

From the case of Phillips v. State, 268 S. W., 735, the following quotation is taken:

"A plea of guilty having been entered, the inadequacy of the evidence to show guilt is not available, unless it is such that it shows the accused to be innocent. Duncan v. State, 86 Texas Crim. Rep., 191, 215 S. W., 853; Grandberry v. State, 86 Texas Crim. Rep., 233, 216 S. W., 164; Taylor v. State, 88 Texas Crim. Rep., 475, 227 S. W., 679; Hardin v. State, 88 Texas Crim. Rep., 495, 227 S. W., 676; Connally v. State, 90 Texas Crim. Rep., 285, 234 S. W., 886; Garcia v. State, 91 Texas Crim. Rep., 10, 237 S. W., 279."

This legal proposition is understood to be in accord with the rulings of this court. See Branch's Ann. Tex. P. C., p. 328, secs. 640, 641.

The evidence adduced on the trial of the appellant is regarded as quite sufficient to sustain the verdict, and to impose upon this court the duty to affirm the judgment, which is accordingly ordered.

*Affirmed.*