### FRED COOK v. THE STATE.

No. 20486. Delivered November 8, 1939.
Rehearing Denied December 20, 1939.

110

The opinion states the case.

*Gray & Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.
Conviction is for conveying into jail a hacksaw blade to aid

a prisoner therein to escape, punishment being assessed at confinement in the penitentiary for two years.

It is appellant's contention that the evidence does not sufficiently corroborate that given by R. T. Polk, who was an accomplice. Appellant did not testify himself, and offered no other witnesses in his behalf. Eliminating for the time being the evidence of the accomplice witness it may be stated that the evidence of the non-accomplice witnesses established the following facts. One Strickland, Polk and appellant were in the same cell of the jail in Smith County, Texas, the cell being in the basement of the jail. The three mentioned were in the cell on the night of October 16, 1938. Appellant was released from jail some time during the morning of October 17th. About seven o'clock that night appellant went back to the jail and requested the jailer to let him take some tobacco to Strickland and Polk. The jailer declined to let appellant go to the cell but took the tobacco, telling appellant he (the jailer) would give it to the boys. It was raining at the time and appellant remained in the jail office thirty or forty minutes. A short time after appellant left the jailer stepped out on the jail porch and heard a noise which sounded like "sawing on steel" coming from the cell in the basement. Investigation disclosed that one of the bars had been sawed three-quarters through, and under a bunk in the cell a hacksaw blade was found. This blade was about twelve inches long, was red on one end for about two inches and had "Simonds" marked on the blade. Between 12:15 and one o'clock on October 17th appellant bought a hacksaw blade answering the description of the one found. The clerk who sold it to appellant said it was about like lots of hacksaw blades, but the Simonds Company was the only one he knew that made "red-end hacksaw blades." The blade found was shown the hardware clerk who said it was like the one sold to appellant; he further testified that the wrapping paper used in the store was brown. The accomplice witness Polk testified that appellant told witness and Strickland that when he (appellant) got out of jail he would bring them a hacksaw blade; that appellant was released from jail about nine o'clock in the morning, and about 7:30 that night he appeared at the jail, called to Strickland and made a motion from which they understood he had the hacksaw; that Strickland pushed a broom out through the bars on the window, and appellant stuck the hacksaw blade in the straw of the broom; that Strickland pulled the broom back in the jail and the hacksaw was in it

wrapped in brown paper; that both witness and Strickland used the blade in sawing on the jail bars.

It is not necessary that the testimony of the non-accomplice witnesses make out a complete case. It is apparent from the foregoing condensed statement that the accomplice witness does make out a complete case against appellant, and we fail to observe wherein the evidence of the non-accomplice witnesses falls short of meeting the requirtments of Art. 718 C. C. P. that such testimony must tend to connect accused with the commission of the offense charged. What has been said disposes of bill of exception number one, which complained of the refusal to give an instructed verdict of acquittal.

The only other bill complains of argument of the district attorney. The trial court certifies that after discussing fully the testimony of witnesses in the case as reflected by the statement of facts, the district attorney said to the jury that Strickland was in jail charged with theft and burglary, and that appellant evidently did not believe in our system of laws whereby a man is tried before a jury; that appellant himself tried Strickland, found him not guilty and set about to release him from jail, and that that kind of man ought to be confined for the full limit of the law.

We find no basis for serious objection to such argument. The district attorney was not undertaking to state any new fact to the jury, nor to discuss the character or reputation of appellant further than conclusions warranted from the evidence before the jury.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his amended motion for a rehearing, contends that the law of principals does not apply in a case of this nature. That Strickland, who was legally confined in jail on a charge of having theretofore committed an offense denominated as a felony, was not guilty of any offense in trying to escape from jail, and therefore could not be a principal with appellant. Appellant secured the saws and carried them to the window of the jail, where Strickland extended a broom through the bars of the jail cell and window. Appellant then placed the saws on the broom straw and Strickland withdrew the broom into the jail, thus acquiring the saws.

It may well be conceded that it was not an offense for a prisoner to try to escape from jail, and it may further be conceded that Strickland was not a coprincipal in the sense that he could be prosecuted and punished as such. But even so, he might be an innocent agent of the appellant, which would nevertheless make appellant a principal and guilty of the offense charged. One may be a principal who employs a person who cannot be punished for the commission of an offense. See Duncan v. State, 86 Tex. Crim. Rep., 191, 215 S. W., 853. Consequently, appellant would be a principal although Strickland could not be prosecuted and punished for aiding appellant in the commission of the offense charged. Hence the court's instruction on the law of principals was proper.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.