**GHOLSON et al. v. WILMOTH.**

No. 6484.

Court of Civil Appeals of Texas. Texarkana.

No. 24, 1949.

Rehearing Denied Dec. 15, 1949.

Mat Davis, Gilmer, for appellants.

White & Yarborough, Dallas, for appellee.

LINCOLN, Justice.

This is an appeal from the action of the District Court of Upshur County which sustained a plea in abatement filed by the appellee, and dismissed appellants' suit.

On April 21, 1941, in cause No. 7636, the District Court of Upshur County awarded a divorce decree in favor of appellant Dot Wilmoth against her husband, J. R. Wilmoth. Mrs. J. H. Wilmoth, appellee, intervened in the divorce suit and the decree awarded to Mrs. J. H. Wilmoth the two minor children of Dot Wilmoth and J. R. Wilmoth for the nine school months in the year, and to the mother, Dot Wilmoth, for the three vacation months in the year. The decree permanently enjoined and restrained both plaintiff and defendant in the divorce suit from removing the children or causing them to be removed out of the state of Texas without the written consent of the court. From this judgment there was no appeal. Mrs. J. H. Wilmoth was the mother of J. R. Wilmoth. Dot Wilmoth, plaintiff in that case, subsequently married appellant Warren Gholson. J. R. Wilmoth died September 3, 1947.

On September 20, 1947, the appellants, residing in Caddo Parish, Louisiana, instituted a proceeding in the District Court of Upshur County against Mrs. Wilmoth, appellee, and the same was filed and docketed under the same style and number as the original divorce suit. They sought in this latter proceeding to obtain full custody, care and control of the two minor children by alleging a change of conditions since the entry of the original divorce decree. By proper proceeding, under a plea of privilege filed by Mrs. Wilmoth, the cause was transferred to and filed in the District Court, 68th Judicial District, of Dallas County. There was no appeal from the order of the court sustaining the plea of privilege. The appellee answered in that suit and controverted the rights of Mrs. Gholson for full custody, and asserted therein that the full care, custody and control of the minor children for the full twelve months each year should be awarded to her. The Dallas County District Court, after a full hearing, rendered judg-

ment on September 9, 1948, holding therein that there had been no change in conditions since the rendition of the judgment of the District Court of Upshur County, and decreed that the custody of said children remain as fixed by the District Court of Upshur County. No appeal was taken from that judgment.

Shortly after the judgment was rendered in Dallas County District Court the minor children either left of their own accord, or were caused to leave the State of Texas and were found at the home of appellants in Caddo Parish, Louisiana. Mrs. Wilmoth brought a habeas corpus proceeding in the District Court of Caddo Parish, Louisiana, to recover the custody of said children. The District Court of Louisiana granted the writ and returned the children to Mrs. Wilmoth and she returned with them to her home in Dallas County. Thereupon Mrs. Wilmoth filed in the 68th District Court of Dallas County, under the same style and number of the cause theretofore pending, a petition setting up the facts last referred to, and on May 26, 1949, the District Court of Dallas County made and entered a temporary restraining order, restraining the appellants from removing the children from the custody of Mrs. Wilmoth, and from Dallas County, and from the State of Texas. Appellants were also ordered to appear and show cause why they should not be held in contempt of the Dallas County District Court for their action in removing the minors from the State of Texas and in keeping them out of the state, and refusing to surrender them upon demand of Mrs. Wilmoth so that they could be returned to the state.

On June 3, 1949, the District Court of Dallas County, after notice and hearing, found that the appellants had violated its judgment of September 9, 1948, by removing the minors from the State of Texas and refusing to return them to the state or to surrender them to Mrs. Wilmoth in the months of September and October, 1948, and the appellants were further restrained and enjoined from violating the judgment of September 9, 1948, and from removing the minors from the state and

from the custody of Mrs. Wilmoth until they furnished bond to the court in the sum of $1,000 conditioned that Mrs. Gholson would abide the decision so rendered. The action for contempt was taken under advisement. From that order there was no appeal. The bond was not executed.

On June 1, 1949, the appellants, still residents of Louisiana, filed in the District Court of Upshur County a proceeding in which they sought to have the original injunction against Mrs. Gholson dissolved and to hold Mrs. Wilmoth for contempt of court, alleging that she had, on June 1, 1949, violated the order of the District Court of Upshur County by failing and refusing to deliver the minor children to Mrs. Gholson in accordance with the decree of the District Court of Upshur County of April 21, 1941. Mrs. Wilmoth was made a defendant in that proceeding and the case was filed and docketed under the same style and number of the original divorce suit in Upshur County, No. 7636. Mrs. Wilmoth answered by a plea in abatement and by special exceptions and by answer to the merits. After a hearing before the court on July 5, 1949, the District Court of Upshur County sustained Mrs. Wilmoth's plea in abatement, and dismissed the suit, and it is from that judgment that this appeal is taken.

■ Appellee's plea in abatement sets forth substantially the proceedings in both the District Court of Upshur County and the District Court of Dallas County, already referred to, and by reason of such actions and the judgments rendered in them, asserted that the judgment of the District Court of Dallas County had superseded the judgment of the District Court of Upshur County as regards the right of Mrs. Gholson to the custody of the children for three months in the year. No statement of facts has been brought to this court, but on motion of appellants the trial court filed his findings of fact and conclusions of law. It is not necessary to set out such findings, further than to say that they are substantially the same facts as already related in this opinion. The judgment appealed from recites that the court heard and considered evidence, as well as the pleadings and arguments. We are bound to accept that recital as true, and in the absence of a statement of facts, we must conclusively presume that the evidence was sufficient to authorize the judgment. 3 Tex.Jur. pp. 1059-1060. Thereupon the court concluded that the District Court of Dallas County had jurisdiction to make and enter its orders of September 9, 1948, May 26, 1949, and July 5, 1949, and had authority to thus protect its jurisdiction, and that such orders were in the best interest of the minors. Accordingly judgment was entered sustaining the plea in abatement and dismissing the cause.

■ Appellants present one point of error, to-wit, that the trial court erred in sustaining the plea in abatement because the judgment of the District Court of Upshur County is still in full force and effect and has not been changed or modified. As already stated, appellants' petition was for dissolution of the injunction entered against her by the District Court of Upshur County enjoining her from removing the children out of the State of Texas. Appellants contend that the injunction was joint against her and her former husband, J. R. Wilmoth, and that it was automatically dissolved by his death. We do not agree that the injunction against Mrs. Gholson was automatically dissolved by the death of J. R. Wilmoth. All of the reasons present at the time of the entry of the judgment of the District Court of Upshur County on April 24, 1941, enjoining Mrs. Gholson from taking the children out of the state still exist. In fact, there is perhaps more reason for it now than at the time that judgment was entered, because at that time she was a resident of Upshur County, where she had brought suit for her divorce. Since then she has violated the injunction of the District Court of Upshur County by removing the children out of the state. She shows by her petition that she has removed to and now lives out of the state. No sufficient reasons appear in her petition, as a matter of law, for dissolution of the injunction. The court had the right to presume that if she were released from the injunction she would take the children out of the juris-

diction of the court as she had done on a previous occasion. We must presume the evidence supported the court's refusal to dissolve the injunction. There was therefore no error in the District Court in sustaining the plea in abatement on that feature of appellants' petition.

■■ On the other phase of the appellants' petition they sought to hold Mrs. Wilmoth in contempt of court for refusing to turn the minor children over to Mrs. Gholson on June 1, 1949, "in keeping with and according to" the judgment of the District Court of Upshur County. It is asserted that the judgment of the District Court of Upshur County is still in force and effect and has not been changed or modified. The trial court held, however, that that judgment had been modified and superseded by the judgment of the District Court of the 68th Judicial District of Dallas County. The removal of the suit from Upshur County to Dallas County, filed in September, 1947, was a proper procedure and vested in the District Court of Dallas County full jurisdiction to make orders respecting the custody, care and control of the minor children and affecting their welfare. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. The District Court of Dallas County left the order of the District Court of Upshur County unchanged so far as concerned the custody of the minor children in Mrs. Wilmoth for the nine school months in the year and Mrs. Gholson for the three vacation months. The appellants, however, before taking custody of the children, must execute a bond approvable by the Dallas Court in the sum of $1,000, conditioned that they will not remove the children out of the state of Texas. That bond has not been made. The order sustaining the plea in abatement was entered on July 5, 1949. The order of the District Court of Dallas County requiring the security aforesaid was made on June 3, 1949, and was in full force and effect at the time the plea in abatement was sustained. Furthermore, at that time the District Court of Dallas County had further enjoined Mrs. Gholson and her husband from removing the children out of Dallas County and out of the custody of Mrs. Wilmoth and out of the state of Texas. Since the judgment recites that evidence was heard on the plea in abatement, we must conclusively presume that all facts necessary to support the judgment were in evidence before the court. For aught that appears the evidence may have disclosed that if the two children had been delivered to appellants by Mrs. Wilmoth, they would have been removed out of Dallas County and out of the state. Mrs. Wilmoth, by so doing would have been aiding and abetting the violation. Had Mrs. Wilmoth delivered the children over to Mrs. Gholson, both she, at whose instance the injunction was obtained, and Mrs. Gholson would have violated the injunction of the District Court of Dallas County. 43 C.J.S., Injunctions, § 263, p. 1012. The order of the District Court of Dallas County is just as effective against Mrs. Wilmoth in this respect as against Mrs. Gholson, and she was justified in refusing to disobey the injunction by turning the children over to Mrs. Gholson. Therefore, it was correct for the District Court of Upshur County to hold that its original judgment had been modified and superseded by the judgment of the District Court of Dallas County in the respects noted and to sustain the plea in abatement in the matter of contempt. We therefore overrule appellants' point of error, and the judgment of the District Court of Upshur County is affirmed.

Judgment affirmed.