Harley Arthur HILL, Jr., Appellant,

v.

Mary Kathleen HILL, Appellee.

No. 14839.

Court of Civil Appeals of Texas.

Houston.

June 16, 1966.

Rehearing Denied July 7, 1966.

It is the general rule in Texas that the right of a parent to visit with his children placed in the custody of the other parent by the divorce decree, will not be completely denied except where there are extreme grounds to support such a denial. Liddell v. Liddell, Tex.Civ.App.1930, 29 S. W.2d 868; Felker v. Felker, Tex.Civ.App. 1948, 216 S.W.2d 669, error ref., n. r. e.

It is equally well settled that reasonable access by a parent to his children is a right given by law and exists where the decree neither denies the right of visitation nor makes provision for same. Cherry v. Cherry, Tex.Civ.App.1964, 384 S. W.2d 912; Hays v. Hays, Tex.Civ.App. 1939, 123 S.W.2d 968.

The trial court found as a fact: (1) that the defendant was not a fit person to see and visit the children without strict limitations and safeguards being placed upon said visitation privileges; (2) that in all probability visitation by appellant with the children would cause irreparable harm, both psychologically and physically, to said children unless said visitation was first consented to and approved by Mary Kathleen Hill, prior to such time said visitation might take place; and (3) that it would be contrary to the best welfare and interest of the minor children for appellant to be allowed visitation with said children without having first obtained the prior written consent of appellee. These findings of fact are attacked on the ground that they are contrary to the great weight and preponderance of the evidence. The finding, numbered (1) above, is not so against the great weight and preponderance of the evidence as to be clearly wrong. Findings numbered (2) and (3) are supported by no evidence.

The trial court concluded as a matter of law that it would be to the best interest and general welfare of the children that appellant be granted the right of visitation with said children "with the limitation that said visitation privilege shall be conditioned

Skipwith & Muirhead, Ray Carlton Muirhead, Houston, O'Neal & Waitz, Houma, La., for appellant.

William W. McNeal, Jack Harrison, Alvin, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment entered in a divorce case. All points of error relate to the validity or propriety of that part of the decree relating to the visitation rights allowed appellant.

The decree states: " * * * it is accordingly ORDERED, ADJUDGED and DECREED by the Court that the care, custody and control of the minor children be, and they are hereby awarded to Plaintiff, Mary Kathleen Hill, provided that Defendant may have rights of visitation by first obtaining the written consent of Plaintiff, Mary Kathleen Hill." Appellant contends that the effect of this decree is to make his right of visitation conditional and contingent.

upon his first obtaining the prior written consent" of appellee to each visitation period.

The trial court did not deny appellant visitation rights. He found as a fact that the best interests of the children require that appellant be granted the right to visit under proper limitations and safeguards. His decree, however, conditions the right of visitation upon appellee's prior written consent. No limitations or safeguards are provided. It would appear that the court felt that the necessary limitations and safeguards would be determined by appellee each time appellant sought to visit the children. The decree might be construed as granting reasonable rights of visitation in which event appellee could be required by the court to give her consent in writing at reasonable intervals. The record in this case indicates that court action would be required. The decree might also be construed as permitting appellee to determine whether appellant would be allowed to visit with his children at all. This appears to be the construction placed on the decree by the parties.

■ The matter of determining the frequency and duration of visits by a divorced parent with his children, who have been placed in the custody of another, as well as the limitations and safeguards to be placed on such visits, is one peculiarly within the discretion of the trial court and is subject to review only on a showing of abuse of discretion. If the court determines that limitations and safeguards are required, it is his responsibility to set them out in his decree. If the frequency and duration of the visits are to be limited beyond the concept contained in the traditional wording "reasonable times and places", the limitations should be set out in the decree. Only in this manner can the welfare of the children be guarded and future litigation avoided. The practice of defining visitation rights in the decree is to be commended since it eliminates a source of conflict between divorced parents. Repeated contempt actions growing out of child custody decrees are necessarily contrary to the best interest of the children involved.

■ While there are exceptions, it is a general rule that judgments must not be in the alternative, conditional, or contingent. 33 Tex.Jur.2d, Judgments, § 44. The trial court erred in making appellant's right to visit with his children contingent on the possibility that he could secure the written permission of appellee in view of his finding of fact that the best interests of the children required that appellant be granted visitation rights.

■ The issues in the trial court relating to divorce and property rights are severable from the issues relating to custody of the children of the marriage. Lawler v. Wray, Tex.Civ.App., 8 S.W.2d 524; McLemore v. McLemore, Tex.Civ.App., 285 S.W. 693.

■ Questions concerning custody, support and visitation are dependent one upon the other. The portion of the judgment relating to visitation will not be severed from that relating to custody and support. Quick v. Lindsay, Tex.Civ.App.1948, 208 S.W.2d 910.

The judgment of the trial court is affirmed insofar as it relates to divorce and property rights, but it is reversed insofar as it adjudicates the custody of the children, the support payments required of appellant, and the visitation rights of appellant, and this portion of the case is remanded for a new trial.

Affirmed in part and in part reversed and remanded.

BELL, C. J., not sitting.