Edward J. HEARD, Appellant,

v.

Frances H. BELL et vir, Appellees.

No. 5977.

Court of Civil Appeals of Texas.

El Paso.

Oct. 22, 1968.

Rehearing Denied Nov. 20, 1968.

Ed Keys, Monahans, for appellant.

Alfred J. Jackson, Jr., Fort Worth, for appellees.

## OPINION

FRASER, Chief Justice.

This is an appeal from the 142nd Judicial District Court of Midland County, Texas, known as the Domestic Relations Court, where appellant appealed from a judgment by said court changing the visitation provisions that had been in effect as the result of a divorce between appellant and appellee. There are a number of points of error and counter-points presented by both parties, but we shall treat this case on a general basis bearing in mind, of course, that the welfare and disposition of the children involved is the paramount consideration of all courts.

In the 112th Judicial District Court at Fort Stockton, Texas a jury, in 1965, determined that the appellant herein should have custody of his three minor children. This 1965 hearing was an attempt by the appellee herein to obtain a change in the judgment of that court entered approximately two years earlier in a divorce proceeding, in which the appellant was granted the custody of his children with the right given to their mother to visit the children in the father's (appellant's) home county. Appellee has since moved and now resides in Fort Worth, Texas, and appellant resides in Midland, Texas. The judgment of the Midland District Court makes substantial changes in the original judgments of 1963 and 1965, in that the Midland court, in the

case before us, has modified the visitation privileges to allow the children to leave the appellant's home and visit for a week or so a year in appellee's home. The court has made other visitation changes of a less important nature.

■ We cannot agree with the decision of the Midland court because, as pointed out in many cases, changing existing visitation privileges must be based on some change of condition. The appellee here does not plead or prove any deterioration of the admittedly good home environment in which the children have been reared since 1963, but merely says that it is expensive and onerous for her to travel from Fort Worth to Midland, and that it is too expensive to be practical. It must be remembered that twice the District Court of the 112th Judicial District found that the children should be reared in the home of the appellant. Appellee has shown no reason and doesn't allege any change of conditions to substantiate or validate an attack on the two prior holdings of the 112th Judicial District Court, in which two decisions the court, in one case, and in the second, the jury, determined that the children should be reared in and under the custody of their father and in his home.

Matters of this nature have been well discussed in the case of Leithold v. Plass, 413 S.W.2d 698 (Tex.Sup.Ct.), in which the Supreme Court held that the trial court had done no more than modify the existing visitation privileges of petitioner, and the court stated that the validity of the trial court's judgment is to be tested on the assumption that the court found every disputed fact in support of its judgment. Then, on page 701, the Court said: "It is unnecessary for us to review the competent evidence of a change of conditions since the entry of the Arizona decree which rendered its visitation provisions unworkable and inappropriate." But the court further holds that the pleadings of the petitioner support the modification of the visitation provisions of the Arizona decree. We do not believe the evidence in the case before us justified any change in the visitation provisions as previously enunciated by court decrees in 1963 and 1965. As set forth above, in both decisions—the court in one case, and the court and jury in the other—held that they believed the children should be reared in the father's home. The evidence in the record will show the reasons for these decisions. As to a change of conditions, appellee doesn't make any attempt to disprove appellant's testimony that he is rearing the children in a Christian manner with due attention to religious and other proper influences. As a matter of fact, appellee admitted in the record that the material conditions involving the children since January 1965 were and are the same and she admitted that there had not been a material change of conditions since January 1965. It should be noted, too, that the record shows that under the father's care, the girl had been first a Brownie and then a Girl Scout; that both boys were in Boy Scout organizations and that one boy, along with his father, was active in DeMolay; that the appellant father had attended PTA meetings and supervised the schooling and home discipline to the best of his ability. There is evidence of bitterness between the divorced parents, but this is unfortunately not unusual. The only change in conditions that appellee, in our opinion, was able to establish was that the children are now closer to her by virtue of their move from Monahans to Midland, which of course is much closer to Fort Worth than Monahans. This would be a favorable, and not an unfavorable, change. We think the first two decisions set out very firmly and clearly in what home the children were to be reared, and in the absence of a change of condition, we think this provision should be strictly adhered to. As Judge Norvell pointed out in his dissent in the Leithold case, children should not and must not be used as pawns, and where they spend time in two different homes it has too often been tragically apparent that the results have not been to the best interests of the children. Each parent naturally tries to win their affection, sometimes at the expense of disci-

pline, and of course there are many other unfavorable facets, such as one parent contradicting what the other parent has said, etc.

In the Leithold case there was a very pronounced change of conditions, in that both parents moved away from Arizona, one east and the other west. Here, the only change is that the children are closer to appellee than they were before this particular judgment.

For these reasons we just do not believe that there was a sufficient showing of a change of conditions to warrant the judgment changing the visitation provisions as it did, and especially in permitting the children to leave the father's home for as much as a week at a time to live with the mother. The question of custody and visitation has been disputed in many courts, but it is our very definite opinion that the best interests of the child require (absent an adequate change of conditions) that the visitation and custodial provisions as adjudicated should be left entirely alone. It is the welfare of the children that is to be considered. This must be the guiding force. For these reasons we do not believe the court, in the matter before us, had sufficient evidence of any change of conditions that would warrant making such a drastic change in the visitation provisions.

It is our belief that the right of visitation and the arrangements thereunto appertaining devolve on the parents, and in our opinion visitation rights such as this provision in the present case means that the mother may visit the children. Any other construction, regardless of the many cases that have been written on the point, amounts to split custody. In our opinion the visitation requirements were vested in the mother, and it was up to her to make what arrangements she could. This case is much different from the Leithold case in that the mother is now closer to the children than when they lived in Monahans and she lived in Fort Worth. It has long been determined and adjudicated by courts all over the United States that split custody is not advisable to provide for the proper future of children; and as said before, it invites competition and, too often, competition of the worst kind with much other friction and conflict. Therefore it is our belief that unless definitely specified in the court's finding, visitation means that one parent may visit children who are in the custody of the other parent. To hold otherwise is, in our opinion, providing split custody. It cannot be denied that if the children are in the home of the non-custodial parent for as little as a week's time, that parent is entirely responsible for their behavior, discipline, etc. We do not believe that the smallness of such time such as, in this case, a week, defeats the theory of split custody. We have found no case saying split custody shall be one week, one month, or two months, etc. Therefore, to permit the children to go and live in the home of the non-custodial parent for a week, in our opinion, splits the custody of these children between the divorced parents. Here, it was twice adjudicated with the same result, and we do not see any reason, or change of condition, in the record before us to warrant any change, either in the visitation provisions or the extent of same. For these reasons, we believe the trial court's order that the children may live at least a week with their natural mother deprives the father, the adjudicated custodian, of the exercise of his responsibilities. We therefore hold that there were no sufficient pleadings or proof to justify the Midland court's action. It is our considered belief that the action of the trial court amounts to a granting of custody, which in effect means that the father no longer has the exclusive custody which was granted him by two different decisions. Although appellee has carefully labeled her action an application for change in visitation arrangements, we do not believe that it is anything but a change in custody, which here has not been predicated upon either pleading or proof of changed conditions. To the same effect is Eddins v. Tarvin, 429 S.W.2d 689, and Leaverton v. Leav-

erton, 417 S.W.2d 82 (Tex.Civ.App.). In the Eddins case the facts are clearly (if not altogether) similar to the facts in the case before us, and the court there, quoting from the Leithold case, said: "These rights inherent in a custody status are not held by one enjoying visitation rights as provided in the custody decree." The court then stated: "Applying the above principles we are still of the opinion that the case before us involves an attempted modification of custody, notwithstanding appellee's desire to label it merely 'clarification of visitation rights.'" We think that is the same situation confronting us in the present case.

Therefore, the judgment of the trial court is accordingly reversed and the cause remanded, with instruction to the said trial court that the relief prayed for by appellee be denied.