In the Matter of the Custody of Danny Lee JOHNSON, a minor.

No. 8348.

Court of Civil Appeals of Texas, Amarillo.

April 30, 1973.

Ochsner & Baughman, Harold W. Ochsner, Amarillo, for appellant.

Herbert C. Martin, Amarillo, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment denying an application for modification of the trial court's previous orders regarding the petitioner's visitation with her minor child whose custody had been awarded to her former husband. Affirmed.

On June 14, 1972, Dana Martin, formerly Dana M. Johnson, a resident of El Centro, California, filed her "Petition for Defined Visitation" of her minor child, Danny Lee Johnson, in the Court of Domestic Relations of Potter County, Texas, against Johnny Lee Johnson, her former husband, who resides in Potter County, Texas. Danny Lee Johnson, the minor child, is the son of the petitioner and the respondent, Johnny Lee Johnson.

Previously, on March 7, 1968, the Domestic Relations Court of Potter County, Texas had entered a judgment dissolving the marriage of Johnny Lee Johnson and Dana M. Johnson, now Dana Martin, and awarding the custody of the minor child of the parties to the father, Johnny Lee Johnson. The judgment set out the following condition with regard to visitation by the defendant, Dana M. Johnson, the mother of the child:

". . . that the defendant may visit said child under all suitable occasions and under proper and reasonable circumstances and conditions, and that the child may be permitted to visit with the defendant under reasonable and suitable circumstances and conditions, but is not, in any manner, to interfere with the plaintiff's custody and control of said child."

In June of 1969, Dana M. Johnson moved from Amarillo, Texas to Las Vegas, Nevada. In December of 1969, she moved to El Centro, California, where she now resides. She is now married to Dale Martin, has a home and two small children in the home.

The record discloses that on December 7, 1971, the Court of Domestic Relations of Potter County, Texas entered a judgment overruling an application for visitation filed by Dana Martin and her husband, Dale Martin, wherein the court specifically ordered "that the minor child shall not be removed from the State of Texas to California for visitation." Also, the record contains a judgment entered on June 9, 1972, by the Court of Domestic Relations of Potter County, Texas, in a suit brought by Dana Martin, the mother, seeking a change of the custody of the child from the father to her. This judgment recites that after a hearing held on June 7, 1972, a jury found that since the above mentioned judgment entered on March 7, 1968, granting custody of the child to Johnny Lee Johnson, there had not occurred such a material change in conditions that the best interests of the minor child would require a change of custody to Dana Martin. On the basis of such jury finding, the court denied the change of custody sought by Dana Martin and decreed that "Johnny Lee Johnson has the full care, custody and control of the minor child, Danny Lee Johnson. . . ." The court made no further finding or order in the judgment of June 9, 1972, regarding visitation between the appellant and the minor child. Thus, as of June 14, 1972, the date of the appellant's petition for defined visitation,

the outstanding orders of the court with respect to visitation were: (1) the original order of March 7, 1968, permitting visitation between the appellant and the child under reasonable circumstances and conditions, without interfering with the appellee's custody and control of the child, as above set out; and (2) the order of December 7, 1971, providing that the minor child shall not be removed from the State of Texas to California for visitation.

In the appellant's petition for defined visitation filed on June 14, 1972, in addition to the matters herein above mentioned, she alleged that she had been unable to make any agreement with the respondent for visitation with the child other than for her to come to the respondent's home and visit for a brief time when she is in Amarillo; that due to the distance of 1400 miles from her residence to Amarillo, visitation other than at a defined period in her home is not practical and would involve great financial hardship; that the child, to become five years of age on June 25, 1972, is of the age that it would be right and proper and in its best interest and welfare that the petitioner be allowed visitation with the minor child in her home for a period of 30 days of each year; and that such 30 day period of visitation be specified during the summer vacation after the child becomes of school age.

The petition was heard by the court without a jury on August 16, 1972, and by its judgment entered on September 5, 1972, the court found that "there is not sufficient evidence to make a modification of the decrees that have been previously entered as to said minor, Danny Lee Johnson, . . . . " and entered its order denying in all things the petition of Dana Martin seeking visitation of the minor child for a period of 30 days each year in the petitioner's home in the State of California. Dana Martin has appealed from such judgment. She contends in her point of error that the trial court erred in refusing the defined visitation requested and in

holding there was not sufficient evidence to modify the previous decree.

■■ It is well established that any modification of an existing visitation privilege must be based upon some change of condition. Heard v. Bell, 434 S.W.2d 222 (Tex.Civ.App.—El Paso 1968, no writ); Campbell v. Campbell, 477 S.W.2d 376 (Tex.Civ.App.—Amarillo 1972, no writ). The matter of the extent of the visitation by the noncustodial parent is largely within the discretion of the trial court, taking into consideration the welfare of the child. Schwartz v. Jacob, 394 S.W.2d 15 (Tex. Civ.App.—Houston 1965, writ ref'd n. r. e.); Hill v. Hill, 404 S.W.2d 641 (Tex.Civ. App.—Houston 1966, no writ).

■ During the hearing, each of the litigants submitted testimony favorable to his respective contentions concerning the modification of appellant's visitation rights. The evidence relating to the conditions and circumstances surrounding appellant's opportunities for visitation of the child in Amarillo was conflicting in many significant respects. Also, there was conflicting evidence regarding the appellant's alleged motives in seeking to remove the child to the State of California for visitation purposes. We do not deem it appropriate to set out or review in detail the conflicting testimony and evidence submitted by the parties. The trial judge heard and observed the witnesses while they were testifying. He was entitled to pass upon the credibility and weight to be given the testimony of each witness and determine from the evidence as to whether there had been sufficient change of conditions, in the light of the welfare and best interest of the child, to justify a modification of the former decrees. Also, where no findings of fact were requested or filed, as here, it is our duty to view the conflicting evidence in the light most favorable to the judgment of the trial court. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1950); Cockrell v. Cock-

rell, 298 S.W.2d 178 (Tex.Civ.App.—Amarillo 1957, no writ).

From our careful consideration of the entire record in this case, we cannot say that the court's refusal of the defined visitation for 30 days each year in California, as requested by the appellant, is not supported by the evidence. Further, we do not find that the court abused its discretion in its denial of the petition for defined visitation. Accordingly, the judgment of the trial court is affirmed.