**In the Matter of the MARRIAGE of Judy Irene MILLER and Robert Lee Miller, Jr.**

**In the Interest of James Scott MILLER, Robert Lee Miller, III, and Shannon Dale Miller, Minors.**

**No. 9122.**

Court of Civil Appeals of Texas, Amarillo.

May 28, 1980.

Buzzard, Comer, Buzzard & Buzzard, Mark N. Buzzard, Pampa, for appellant.

Waters, Holt, Fields & Waters, David E. Holt, Pampa, for appellee.

COUNTISS, Justice.

Robert Lee Miller, Jr., appellant and respondent in this divorce case, challenges the portion of the trial court's judgment setting child support and conditioning his visitation on the posting of a bond. After reviewing the record, we are satisfied the trial court did not abuse its discretion. Accordingly, we affirm the judgment.

Judy Irene Miller, appellee, sued Robert Lee Miller, Jr. for divorce. Both parents sought custody of their three children and division of their property. Trial was before the court without a jury. The trial court granted the divorce, appointed Judy managing conservator of the children and set the amount of child support at $100 per month per child. The court appointed Robert possessory conservator and granted him two weeks visitation in the summer, conditioned upon the posting of a $5,000 bond.[1] Robert was residing in the state of Mississippi at the time of the trial and indicated he intended to continue to reside there. The decree does not prohibit him from taking the children to Mississippi when exercising his visitation rights. Findings of fact and conclusions of law were neither requested nor filed.

---

1. Because of the distance between his and the children's residences, Robert sought only summer visitation, although for a longer period than the court allowed, if he was not appointed managing conservator.

Robert brings forward four points of error. In his first point, he contends the trial court abused its discretion by requiring the posting of a $5,000 bond as a condition precedent to his exercise of visitation. The substance of his argument in support of the second and third points is that the bond requirement effectively denies him visitation in violation of section 14.03(c) of the Texas Family Code. By his fourth point of error he contends the amount of child support ordered by the trial court is unreasonable under the circumstances and constitutes an abuse of discretion. We will address Robert's first three points of error collectively and point four separately.

■ Initially, we observe that Robert correctly perceives his burden in this court. The establishment of the terms and conditions of conservatorship and child support is a discretionary function of the trial court. This court will reverse the trial court only if we conclude that the trial court has abused its discretion. *In Re Johnson*, 494 S.W.2d 943, 945–46 (Tex.Civ.App.—Amarillo 1973, no writ); *Ramey v. Ramey*, 425 S.W.2d 900, 901 (Tex.Civ.App.—Eastland 1968, writ dism'd). Also, in the absence of written findings of fact and conclusions of law, the trial court's judgment implies all necessary fact findings in support of the judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

Section 14.03(a) of the Texas Family Code permits the court, when a managing conservator is appointed, to "set the time and conditions for possession of or access to the child by the possessory conservators and others." Viable pre-code case law has approved the practice of requiring an out-of-state parent to post a bond in order to protect the jurisdiction of the court and insure compliance with the terms and conditions of access, if there is a reasonable basis for the bond. *Simmonds v. Glover*, 283 S.W.2d 808, 809 (Tex.Civ.App.—San Antonio 1955, no writ); *see Gholson v. Wilmoth*, 225 S.W.2d 605, 608 (Tex.Civ.App.—Texarkana 1949, writ ref'd n. r. e.); *Dickson v. McLaughlan*, 69 S.W.2d 209, 210 (Tex.Civ. App.—Galveston 1934, writ ref'd).

■ After reviewing the record before us, we cannot conclude the trial court abused its discretion in requiring a bond in this case. The decree states the bond is "conditioned upon the prompt return of said children by the Respondent to the Petitioner in Groom, Carson County, Texas, at the end of the two weeks of summer visitation." Judy testified Robert had taken the children to Mississippi without her knowledge, and that she was forced to obtain a court order to secure their return, thereby incurring approximately $2,500 in expenses. She stated he had threatened she would never see the children again, and would get them back even if he had to steal them. Robert admitted threatening to take the children if she did not take care of them but denied any present intent to disobey the court's order. The evidence also revealed a history of frequent changes of employment and moves from state to state by Robert. From this evidence, the trial court impliedly found facts supporting the need for the bond and did not abuse its discretion.

■ Robert's attack on the bond is based on section 14.03(c) of the Texas Family Code which states:

(c) The court may not deny possession of or access to a child to either or both parents unless it finds that parental possession or access is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child.

Robert contends he is not financially able to post the bond; thus, he claims the court has denied him possession of and access to his children when there is no evidence of physical or emotional danger to them. We are not convinced Robert's financial condition is as hopeless as he contends, for reasons discussed in more detail under point four. In any event, the trial court has not denied him possession of and access to the children. It has merely imposed a permissible condition on that possession and access, a condition needed to protect the court's jurisdiction and insure compliance with its orders because of his behavior, threats and out of state residence.

Robert relies on *Hill v. Hill*, 404 S.W.2d 641 (Tex.Civ.App.—Houston 1966, no writ) for his argument that the bond requirement is improper. In the *Hill* case, the trial court conditioned the father's visitation on his securing written permission from the mother, and the appellate court correctly disapproved the requirement. Conditioning visitation on consent of the other parent is not, however, analogous to a bond made necessary because of the facts discussed above. Points of error one, two and three are overruled.

In his fourth point of error, Robert contends the amount of child support ordered by the trial court is unreasonable and constitutes an abuse of discretion. Under Texas law, each spouse has the duty to support his or her minor children. *Ondrusek v. Ondrusek*, 561 S.W.2d 236, 237 (Tex. Civ.App.—Tyler 1978, no writ). As stated above, the trial court has broad discretion in assessing child support payments and its order will not be disturbed on appeal absent a clear showing of abuse of discretion. *Ramey v. Ramey, supra,* at 901. The amount of support required by the trial court may not be changed merely because the reviewing court might have set the amount at a greater or lesser sum. *White v. White*, 503 S.W.2d 401, 403 (Tex.Civ.App.—Amarillo 1973, no writ). The duty of a father to support his children after divorce corresponds in large measure to his financial ability and earning potential. *Wetzel v. Wetzel*, 514 S.W.2d 283, 284-85 (Tex.Civ. App.—San Antonio 1974, no writ); *Madden v. Madden*, 365 S.W.2d 427, 429 (Tex.Civ. App.—Fort Worth 1963, no writ).

The trial court ordered Robert to pay a total of $300 per month as child support. He is presently earning approximately $500 per month as an employee of a used auto parts store. There is evidence, however, that Robert is a certified welder, and that he earned approximately $16,000 in 1977 and $14,000 in 1978. He testified that his present economic situation was temporary, he anticipated advancement in his job, he intended to re-marry as soon as the divorce was granted and money would be no problem after his marriage. There was also evidence Judy earns approximately $425 per month, and that each child has expenses of approximately $184 per month.

On the basis of the foregoing evidence, we cannot conclude the trial court abused its discretion by setting the child support at $100 per month per child. The fourth point of error is overruled.

The judgment of the trial court is affirmed.