IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-193-CV





JOHNNY PAUL BRYANT,



 APPELLANT


vs.





DONNA LOUISE BRYANT,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY,



NO. 89-309-F3, HONORABLE DONALD V. HAMMOND, JUDGE PRESIDING



 




 This is an appeal from a divorce and suit affecting the parent-child relationship. 
After a trial before the court, appellant Johnny P. Bryant was granted a divorce from Donna L.
Bryant in a decree dated June 21, 1990. Mr. Bryant was appointed managing conservator of their
two minor sons and Mrs. Bryant was ordered to pay $100 per month in child support. As her part
of the marital estate, Mrs. Bryant was awarded a computer, a new vehicle subject to debt, and
$25,000, to be paid within 90 days of the signing of the decree. Mr. Bryant complains that the
trial court erred in its determination of child support and in its division of property. We affirm
the trial court's judgment.


SCOPE OF REVIEW


 The record in this case contains a statement of facts, but no written findings of fact
or conclusions of law were requested or filed. In such a case, we are required to presume the trial
court found every issuable fact proposition necessary to sustain the judgment, provided the
proposition is one raised by the pleadings and supported by the evidence, and we must affirm the
trial judge's decision on any reasonable theory that is consistent with the evidence and the
applicable law. We must consider only the evidence favorable to the implied findings and
judgment. Worford v. Stamper, 801 S.W.2d 108 (Tex. 1990); Franklin v. Donoho, 774 S.W.2d
308 (Tex. App. 1989, no writ); Matter of Marriage of Miller, 600 S.W.2d 386 (Tex. Civ. App.
1980, no writ).


CHILD SUPPORT



 Mr. Bryant complains in his first point of error that the trial court erred by ordering
Mrs. Bryant to pay only a "token" amount of child support in the amount of $100 per month. We
disagree. The establishment of the terms and conditions of conservatorship and child support is
a discretionary function of the trial court. The court may consider all relevant factors consistent
with the best interest of the child and the circumstances of the parents. Tex. Fam. Code Ann.
§§ 14.052, 14.054(15) (Supp. 1990). An order of child support will not be disturbed on appeal
unless the complaining party can show a clear abuse of discretion. Worford, 801 S.W.2d at 109. 
The test for abuse of discretion is whether the trial court acted without reference to any guiding
rules or principles; in other words, whether the act was arbitrary or unreasonable. Id.

 Mr. Bryant argues that the court erred in ordering child support below the amount
called for by the guidelines. The court shall be guided by the support guidelines set forth in the
Family Code, but "may, in rendering its final determination of the amount of support, set the
amount of child support either within or outside the range recommended in Section 14.055 of this
code if relevant factors other than the guidelines justify a variance from the guidelines." Tex.
Fam. Code Ann. § 14.054 (Supp. 1990). A nonexclusive list of relevant factors the court shall
consider is set forth in § 14.054. Tex. Fam. Code Ann. § 14.054 (Supp. 1990). A party who
contests the amount of child support set by the court may request findings setting forth the specific
reasons the amount of support varies from the amount that would result from applying the
guidelines, but appellant failed to request such a finding below and we are required to presume
the court made findings that support its decision. Tex. Fam. Code Ann. § 14.057 (Supp. 1990). (1)

 There is evidence in the record that Mr. Bryant's income is $62,000 per year while
Mrs. Bryant has net income of only $909 per month. Mr. Bryant has the security of over fifteen
years in his employment while Mrs. Bryant is just re-entering the work force after staying home
for a number of years to take care of the family. Mr. Bryant was awarded the family home; Mrs.
Bryant is renting her residence and office space. We cannot say Mr. Bryant has demonstrated that
child support in the amount of $100 per month is a clear abuse of discretion in light of these
circumstances, given the disparity in earnings and evidence of other relevant factors.

 Mr. Bryant also complains that the child support is deficient because the trial court
failed to order Mrs. Bryant to pay the annual cost of the children's health insurance and one-half
of their medical expenses not covered by insurance. Although the Family Code requires a court
to order that health insurance be provided for a child, it permits the court to determine which
parent shall pay for health insurance coverage. Tex. Fam. Code Ann. § 14.061(b) (Supp. 1990). 
The trial court did order Mrs. Bryant to pay one-half of all non-covered medical expenses. 

 Finally, Mr. Bryant complains that the trial court ordered that his obligation to
support the children would survive his death and continue as an obligation of his estate. The
decree contains a similar provision for Mrs. Bryant. The court has authority to render such an
order. See Tex. Fam. Code Ann. § 14.05(d) (1986). Mr. Bryant does not assert his argument
by separate point of error and cites no authority in support of this complaint, as a result any error
is waived. Rayburn v. Giles, 182 S.W.2d 9 (Tex. Civ. App. 1944, writ ref'd). Mr. Bryant's first
point of error is overruled.



PROPERTY DIVISION


 In points of error two through five, Mr. Bryant complains that the trial court
abused its discretion in dividing the marital estate in an unjust manner. Absent a showing of a
clear abuse of discretion, the trial court's division of property will not be disturbed on appeal. 
Bell v. Bell, 513 S.W.2d 20, 22 (Tex. 1974). 

 The parties introduced evidence concerning their property and the value of their
assets. The record contains a wide range of proof as to the value of two major assets, their
residence and Mr. Bryant's 3M pension benefits. Again, the trial court made no findings of fact
as to the value of each asset or the value of the total award to each party. Mr. Bryant argues anew
the proof in the record and invites us to believe all evidence in his favor and in support of his
contentions. The trial court is the sole judge of the credibility of the witnesses and the weight to
be given their testimony and other evidence in the record. 

 Mr. Bryant complains in his second point of error that the trial court abused its
discretion because it could not award Mrs. Bryant a money judgment for twenty-five thousand
dollars and objects because the court considered appellee's exhibit in making the decision. 
However, Mr. Bryant cites no authority in support of these arguments and, thus, reversal is not
required. Rayburn, 182 S.W.2d 9. Clearly, in some instances the trial court may award a money
judgment to achieve an equitable division of property. Murff v. Murff, 615 S.W.2d 696, 699
(Tex. 1981). 

 In the same point, Mr. Bryant complains that the trial court abused its discretion
in awarding a disproportionate share of community property to Mrs. Bryant when he was entitled
to a larger share because she was at fault and he was named managing conservator of the children. 
Due to an absence of findings as to the value of each asset, Mr. Bryant cannot show that Mrs.
Bryant received a disproportionate share of the total marital estate. In any event, the trial court
is not required to award an equal division of property but shall divide the parties' estate "in a
manner that the court deems just and right, having due regard in the rights of each party and any
children of the marriage. While the trial court may consider the relative fault of the parties as one
factor, it is not required to do so. Tex. Fam. Code Ann. § 3.63(a) (Supp. 1991); Young v. Young,
609 S.W.2d 758 (Tex. 1980). 

 In his fourth point, Mr. Bryant contends that a portion of his employment benefits
were acquired before marriage and should not have been taken into account in determining the
property division. Mr. Bryant expressly set out in his pleadings certain items he claimed as
separate property; they did not include any portion of his retirement benefits. He attempts to raise
the matter for the first time on appeal. Of course, the burden to prove separate property is on the
one claiming the same. In any event, we cannot say that any mischaracterization resulted in an
improper division.

 Mr. Bryant's third and fifth points of error complain further about the trial court's
manner of dividing the parties' property. Again, he cites no authority in support of his
contention. Appellant's points of error two through five are overruled.

 Because Mr. Bryant has failed to demonstrate that the trial court clearly abused its
discretion, we cannot reverse the judgment. The judgment of the trial court is affirmed.





 


 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: November 6, 1991

[Do Not Publish]
1. The Legislature recently amended the statute by adding a provision requiring the trial
court to set out in its order the specific reason for deviating from the guidelines. 1991 Tex.
Sess. Law Serv., ch. 459, sec. 3, § 14.057(b), at 1664 (to be codified at Tex. Fam. Code
Ann. § 14.057(b)).