IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 4, 2000 Session

# LOCAL UNION 760 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, ET AL. v. THE CITY OF HARRIMAN AND THE HARRIMAN UTILITY BOARD

Direct Appeal from the Chancery Court for Roane County
No. 13317      Frank V. Williams, III, Chancellor

FILED DECEMBER 8, 2000

No. E2000-00367-COA-R3-CV

---

This appeal from the Roane County Chancery Court concerns whether the Chancery Court erred in determining that a collective bargaining agreement entered into between Appellant, Local Union 760 of the International Brotherhood of Electrical Workers, and Appellees, the City of Harriman and the Harriman Utility Board, is null and void. We affirm the decision of the Chancery Court and remand for further proceedings, if any, consistent with this opinion. We adjudge costs of the appeal against the Appellants.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Gerald Largen, Kingston, Tennessee and R. Jan Jennings, Nashville, Tennessee, for the appellants, Local Union 760 of the International Brotherhood of Electrical Workers, et al.

Edward G. Phillips, Jon G. Roach and Dean B. Farmer, Knoxville, Tennessee for the appellees, the City of Harriman and the Harriman Utility Board.

## OPINION

This is an appeal from the Roane County Chancery Court's grant of summary judgment in favor of Defendants/Appellees, the City of Harriman and the Harriman Utility Board. The issues raised on appeal, which we restate, are whether the Harriman Utility Board exceeded the scope of it's powers by entering into a collective bargaining agreement with Appellant, Local Union 760 of the International Brotherhood of Electrical Workers, and whether such agreement is, as a consequence, void.

We affirm the judgment of the Chancery Court and remand for further proceedings, if any, consistent with this opinion.

The determinative facts of this appeal are not disputed. Accordingly, it is our obligation to ascertain the state of the law and apply it to the facts of this case.

The standard of review in the summary judgment context is well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment. Our duties are confined to reviewing the record to determine whether Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Cowden v. Sovran Bank/Cent. S.,* 816 S.W.2d 741 (Tenn. 1991). Rule 56.03 provides that summary judgment is only appropriate where (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion. *Byrd v. Hall,* 847 S.W. 2d 208 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Anderson v. Standard Register Co.*, 857 S.W. 2d 555 (Tenn. 1993).

The City of Harriman, is a municipal corporation established pursuant to the laws of the state of Tennessee. The Charter of the City of Harriman grants the City the power to establish, maintain and operate a utility. In furtherance of such power, in 1939, the City created the Harriman Utility Board. Employees of the Utility Board subsequently chose to become members of Local Union 760 of the International Brotherhood of Electrical Workers of America.

In June of 1949, the Harriman Utility Board and Local Union 760 entered into a collective bargaining agreement which constituted a labor contract covering employees of the Utility Board. Over the years this original agreement, as modified and ratified, has been carried forward and has culminated in the agreement which is the subject of this case.

In October of 1997, within the context of a labor dispute between the Utility Board and Local Union 760, the Harriman City Attorney issued an opinion declaring that the Harriman City Council and the Harriman Utility Board have no power or authority to engage in collective bargaining with City employees or with union representatives. The City Attorney's opinion further declared that the results of any such bargaining are void.

Subsequently, relying upon the opinion of the City Attorney, the Utility Board declined to continue bargaining negotiations with Local Union 760 and, also, declined to process grievances filed by the Union on behalf of employees and former employees of the Utility Board. On May 20, 1998, in response to the Board's declinations, Local Union 760, along with several employees and former employees of the Utility Board, filed a lawsuit in the Roane County Chancery Court seeking enforcement of the collective bargaining agreement previously entered into by the Board and the Union. Thereafter, the Utility Board filed a Motion for Summary Judgment asserting that the agreement was beyond the authority of the Board, against public policy and, therefore, void. The City of Harriman filed a Motion to Dismiss and Alternatively for Summary Judgment.

By judgment entered May 20, 1999, the Chancery Court granted the Motions of the City and the Utility Board and dismissed the Complaint of Local Union 760 and the Board employees. In it's accompanying opinion the Chancery Court held that the City of Harriman and the Harriman Utility Board were without authority to enter into the collective bargaining agreement with Local Union 760 and that the agreement was, therefore, illegal and void.

On May 26, 1999, Local Union 760 and the Board employees filed a Motion to Alter or Amend Judgment or for New Trial asserting that the Union had raised certain constitutional issues which had not been addressed in the Chancellor's opinion. On December 1, 1999, the Chancery Court entered an Order denying such Motion and holding that the facts set forth did not support the claim that there had been a violation of constitutional rights. Local Union 760 and the Utility Board employees then filed this appeal.

It is well resolved under Tennessee law that municipalities may exercise only those express or necessarily implied powers delegated to them by the Legislature in their charters or under statutes. *City of Lebanon v. Baird*, 756 S.W.2d 236 (Tenn. 1988).

We find nothing in the Charter of the City of Harriman that either expressly or impliedly grants the City of Harriman, or derivatively, the Harriman Utility Board, the power to engage in collective bargaining or to enter into a collective bargaining agreement. Nor are we aware of any statutory law in this State that grants such power.

In the case of *Weakley County Municipal Electric System v. Vick*, 309 S.W.2d 792 (Tenn. Ct. App.1957) striking employees of the plaintiff maintained that the county electric system could lawfully enter into a contract with a labor union with respect to employees and their working conditions. The Tennessee Court of Appeals disagreed citing a California case for the proposition that " to hold to the contrary would be to sanction government by contract instead of government by law." see *City of Los Angeles v. Los Angeles Building and Construction Trades Council*, 210 P2d 305 (Calif. Ct. App. 1949).

The Appellants contend that the holding set forth in *Weakley* no longer represents the law in Tennessee and argue that municipal corporations are not now prohibited from engaging in collective bargaining with their employees and in entering into collective bargaining agreements. The Appellants rely on three Tennessee statutes to support this argument.

The first two statutes relied upon by the Appellants - T.C.A. 49-5-601 *et seq* and T.C.A. 7-56-101 *et seq* - grant municipalities the right to engage in collective bargaining with educational professionals and transit workers respectively. However, these statutes are limited in application to the specific groups designated therein. The argument that T.C.A. 49-5-601 *et seq* and T.C.A. 7-56-101 *et seq* invest municipal corporations with the right to engage in collective bargaining in general is without merit.

The remaining statute cited by the Appellants to support their argument is T.C.A. 8-44-201 which requires that labor negotiations between representatives of public employee unions and representatives of state or local government entities be open to the public. The Appellants argue that, since T.C.A. 8-44-201 does not designate a specific classification of public employee to which it is applicable, it impliedly recognizes a general right of all public employees to engage in collective bargaining. We disagree.

Subsection (c) of T.C.A. 8-44-201 states:

(c)Nothing contained in this section shall be construed to grant recognition rights of any sort.

It is our view that T.C.A. 8-44-201 only applies in those instances where the authority to engage in collective bargaining is otherwise granted. T.C.A. 8-44-201 does not, in itself, grant or extend such authority.

We find that the Appellees were without express or implied authority, either by statute or under the Charter of the City of Harriman, to engage in collective bargaining or to enter into a collective bargaining agreement with the Appellants. Consequently, we hold that the collective bargaining agreement between these parties is void and unenforceable.

Although the Appellants have raised certain constitutional issues under the Fourteenth Amendment of the U.S. Constitution and under Article XI, Section 2 of the Tennessee Constitution, we decline to address those issues for the reasons stated below.

The Appellants assert that their rights to equal protection under the Fourteenth Amendment have been violated because the Legislature has allowed collective bargaining between municipalities and transit workers under T.C.A. 7-56-101 *et seq*, but has not allowed collective bargaining between municipalities and utility workers. The Appellants contend that the Legislature had no reasonable or rational basis for according transit workers special treatment by enacting T.C.A. 7-56-101 *et seq*. The Appellants, thereby, place the validity of such statute in question.

Rule 24.04 of the Tennessee Rules of Civil Procedure states:

When the validity of a statute of this state or an administrative rule or regulation of this state is drawn in question in any action to which the State or an officer or agency is not a party, the court shall require that notice be given the Attorney General, specifying the pertinent rule or regulation

Our review of the record in this case reveals that the Attorney General was not notified that the validity of T.C.A. 7-56-101 *et seq* was being drawn in question and the Appellants are now, therefore , precluded from pursuing this issue on appeal.

The Appellants additionally argue that application of the holding in the *Weakley County* case, *supra*, to the pre-existing collective bargaining agreement between the Appellants and the Appellee Utility Board violates the prohibition against impairment of contracts under Article XI , Section 2 of the Tennessee Constitution. However, it appears from the record before us that the Appellants did not plead this issue in their original complaint and first raised this issue in their post trial Motion to Alter or Amend the Judgment, or for New Trial filed pursuant to Rule 59 of the Tennessee Rules of Civil Procedure. The Chancellor held that the Appellants were precluded from raising the impairment of contract issue by post trial motion and we agree. Rule 59 motions should not be used to raise new, previously untried theories or to present new, previously unasserted, legal arguments. see *Bradley v. McLeod*, 984 S.W.2d 929 (Tenn. Ct. App. 1998). It appearing that the issue of impairment of contract under Article XI was not properly raised and adjudicated in the Chancery Court trial, we decline to review such issue on appeal. A party on appeal will not be permitted to depart from the theory on which the case was tried in the lower court. see *Brookside Mills, Inc. v. Moulton*, 404 S.W.2d 643 (Tenn Ct. App. 1965).

Finally, the Appellants assert that the Appellee Utility Board is estopped from renouncing it's obligations under the collective bargaining agreement. However, Tennessee law provides that very exceptional circumstances are required to invoke the doctrine of estoppel against the State and it's governmental subdivisions. *Bledsoe County v. McReynolds*, 703 S.W.2d 123, (Tenn. 1985). We do not find that the circumstances in this case warrant application of the doctrine of estoppel.

For the reasons stated above, the judgment of the Chancery Court is affirmed and the cause remanded for such further proceedings consistent with this opinion as may be necessary and collection of costs below. We adjudge costs of appeal against the Appellants and their surety.

_____
HOUSTON M.GODDARD, PRESIDING JUDGE

-5-