**SOUTHWEST FOREST INDUSTRIES, INC., Appellant,**

v.

**Lorene BAUMAN, et al., Appellees.**

**No. 08–82–00196–CV.**

Court of Appeals of Texas, El Paso.

Aug. 31, 1983.

Rehearing Denied Oct. 5, 1983.

Stephen B. Tatem, Jr., Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellant.

Massie Tillman, Lexa Auld, Law Offices of Massie Tillman, Fort Worth, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

In this jury tried case, the question is whether there is legally sufficient evidence to support the proximate cause finding. Based on the jury verdict, judgment was entered for the plaintiffs in the sum of $146,875.00. We affirm.

This is a wrongful death action brought by the surviving widow and father of Jesse Bauman who was killed when the truck he was driving left the highway and crashed into a rock embankment. Some twenty or thirty minutes prior to this crash, defendant's driver had jack-knifed his tractor trailer at the bottom of a hill where it blocked a portion of the highway. Plaintiffs' cause of action is predicated on the failure of defendant's driver to put out any warning devices. The scene of the occurrence was a portion of Highway 285 in New Mexico, being a steep slope or hill following a slight curve. It was snowing and the road was icy. There were other vehicles at the scene. The defendant's vehicle was a tractor pulling two empty twenty-seven foot flat-bed "pups." It spun around on the snow and ice-covered highway and came to a stop partly in and along the northbound driving lanes of the highway. After the defendant's vehicle had come to rest and before the Bauman vehicle struck the embankment, a northbound tractor pulling a covered trailer, driven by Mr. Brill, first stopped south of the defendant's vehicle, then passed it and started up the hill in the northbound lane. About this time or shortly thereafter, a southbound station wagon driven by Mr. Lucke slid off the road and stopped at a point identified as north of milepost 393. The defendant's jack-knifed vehicle was some 429 feet south of milepost 393. At a time estimated from twenty to thirty minutes after the defendant's vehicle came to rest, the Bauman vehicle came upon the scene and crashed into the rock embankment on the west side of the road some 400 feet north of mile post 393. No one saw the actual crash. At the time, Mr. Lucke had left his car and was walking toward the defendant's truck. He and his wife heard the sound of the truck striking the embankment.

Defendant pled that the accident of its truck was unavoidable because of the deteriorating weather conditions. It also alleged that the conduct of Mr. Brill and/or Mr. Lucke were new and independent causes to any condition that Mr. Bauman may have faced as he approached the scene. Liability is based upon Issue No. One: "Whose negligence, if any, do you find from a preponderance of the evidence was proximate cause of the occurrence in question?" From a multiple choice of plaintiff, defendant, both or neither, the jury selected defendant. That finding and the damage issues complete the charge on which the judgment is based. Defendant as Appellant presents three points of error: that the court erred in entering judgment, in not granting its motion for judgment notwithstanding the verdict and in not granting its motion for directed verdict; each because there was no evidence that the deceased's death was causally connected to any negligent conduct of its driver Mario Raygoza. All points of error are presented and argued together since they each present the question of proximate cause.

■ In reviewing a "no evidence" point, we look only to that evidence tending to support the finding of proximate cause, viewing it in the most favorable light in support of the finding, and disregarding all contrary or conflicting evidence. *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981).

■ Proximate cause embraces two concepts: (1) cause in fact, and (2) foreseeability. *Farley v. M M Cattle Company*, 529 S.W.2d 751 (Tex.1975). We have no problem with foreseeability in the case before us—the test being whether the negligent actor should have anticipated the risk to persons within the range of the actor's duty growing out of the negligent act or omission. *City of Bishop v. South Texas Electric Cooperative, Inc.*, 577 S.W.2d 331 (Tex.Civ.App.—Corpus Christi 1979, no writ). An experienced truck driver should

have anticipated and foreseen the danger to others by his negligent act of not warning that the roadway was blocked by his jack-knifed truck. Foreseeability does not require that he anticipate just how the injury will grow out of the dangerous condition which his negligence created. *Clark v. Waggoner,* 452 S.W.2d 437 (Tex.1970). The fact of the driver's negligence is not argued, and it is our opinion that the jury could find that he ought to have reasonably foreseen that the Bauman crash or some similar event would occur because of it.

■ In examining the cause in fact question, several legal principles need to be observed. First, proximate cause cannot be established by mere conjecture or guess, but rather must be proved by evidence of probative force; the plaintiff need not exclude all possibilities that the accident occurred other than as he alleges, but rather must show only that the greater probability is that it occurred because of it, in this case the failure to warn. *Farley,* supra.

■ The evidence is that as the station wagon driven by Mr. Lucke crested the hill, he saw that the road was completely blocked by vehicles. As he attempted to stop his station wagon, he slid completely off the road. Shortly thereafter, the Bauman rig was heard to have crashed approximately twenty feet from the station wagon. When a vehicle arrived on the steep slope of icy road and found an obstruction, it was too late to do anything about it. The inference is that a prior warning would have prevented this. The bad weather and slippery road conditions were a factor, but the existence of those conditions were a part of the mandate for a warning. This presents more than a "scintilla" of evidence that the Bauman truck crashed due to the failure of the defendant's driver to set his safety reflectors at the top of the hill or to otherwise warn southbound traffic of his disabled truck. "Moreover, whether a particular act of negligence is a cause in fact of an injury has been said to be a particularly apt question for jury determination. Prosser, Law of Torts, sec. 41 at 237 (4th ed. 1971)." *Farley,* supra. We conclude that there is

some evidence to support the jury finding that the negligence of defendant's driver was a proximate cause of the occurrence in question. The judgment of the trial court is affirmed.