**BILL SHANNON, INC., Appellant,**

v.

**Frank SAN CLEMENTE, Appellee.**

**No. 04–86–00247–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 11, 1987.

---

Thomas S. Harmon, San Antonio, for appellant.

W. Patrick Burke, San Antonio, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is a suit on a promissory note. Plaintiff, Bill Shannon, Inc., appeals from a take nothing judgment following a jury trial.

Plaintiff, a contractor, and defendant, Frank San Clemente, a subcontractor, undertook a contract to build ramps, handrails, and signs relating to access for handicapped persons at various parks for the City of San Antonio. The undertaking was not successful financially. Both the contractor and subcontractor suffered losses.

San Clemente signed a promissory note at the office of the attorney for plaintiff on August 10, 1982. It provided that San Clemente promised to pay Bill Shannon, Inc., the sum of $59,789.94 on or before September 5, 1983. San Clemente was accompanied by his attorney, who advised him to sign the note. San Clemente and his attorney both testified, over objection, that the note had been executed for plaintiff's benefit to reflect losses for business purposes and Internal Revenue tax purposes.

San Clemente testified he was told by the plaintiff's attorney that the promissory note would never be used against him. The parties contemplated suing the City of San Antonio because of the losses, and the meetings and telephone conversations were mainly to discuss the possible lawsuit.

The defendant's attorney testified that the sum on the promissory note represented the loss suffered on the city project. Over objection he explained:

As a result of our discussions at that meeting and discussions that I'd had with [plaintiff's attorney], it was determined that the figure for the loss would be reduced to a promissory note and Mr. San Clemente would sign that payable to Mr. Shannon because [sic], for IRS purposes and business purposes wherein he could take a loss as San Clemente had nothing to take a loss against during that year as far as income goes.

Plaintiff's attorney testified that at a meeting between himself and the two parties, they discussed that "If there was a recovery against the City of San Antonio that it will be offset against that note. [T]hat that note would be submitted to Mr. Shannon's CPA firm for them to determine whether or not they could use that as the loss on this project."

Shannon testified that the total cost of the project undertaken by his firm as contractor and San Clemente as subcontractor was $144,403.92, and the receipts from the

City were $98,151.90. The difference ($48,-352.02) was the loss.

We are of the opinion there was no violation of the parol evidence rule. The rule that parol evidence is inadmissible to contradict or vary the terms of a written contract applies only to a written contract in force as a binding obligation. Parol evidence is always competent to show the non-existence of a contract. *Baker v. Baker,* 143 Tex. 191, 183 S.W.2d 724, 728 (1944). Parol evidence is admissible to show that a valid contract never in fact existed. *Merbitz v. Great National Life Insurance Co.,* 599 S.W.2d 655, 658 (Tex. Civ.App.—Texarkana 1980, writ ref'd n.r. e.). Thus the evidence in this case was properly admitted in support of the contention of the non-existence of a valid contract rather than to vary the terms of an existing contract. We hold, therefore, the trial court did not err in permitting the introduction of testimony of the circumstances surrounding execution of the promissory note.

The special issue submitted was:

Do you find from a preponderance of the evidence that the plaintiff, Bill Shannon, Inc., and the defendant, Frank San Clemente, intended at the time the promissory note in question was executed that it was to be a valid and subsisting promissory note?

Answer: <u>We do not.</u>

The jury failed to find a vital issue on which plaintiff had the burden of proof. In this situation it is correct to assert by assignment of error that the evidence establishes conclusively, or as a matter of law, the vital fact.[1] This is not a true "no evidence" point, although if the contention is successfully shown on appeal, it would call for a reversal of the case and rendition of judgment. *See,* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX.LAW REV. 361, 363 (1960).

In the present case, since the trial court did not err in permitting parol evidence as to the circumstances of the execution of

the note, it was not conclusively established that it was a valid and subsisting promissory note as plaintiff contends in his point of error.

The point of error is overruled, and the judgment is affirmed.

---

1. "No evidence" points of error are inherently and fundamentally points which call for reversal of a trial court's judgment and rendition of judgment for the appellant. They must, therefore, be based upon and related to certain procedural steps in the trial court. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error, supra* at 362.