**BELLAIRE KIRKPATRICK JOINT VENTURE, Appellant,**

v.

**Louis LOOTS and Fred Simons, Appellees.**

**No. 2–91–083–CV.**

Court of Appeals of Texas, Fort Worth.

March 11, 1992.

Rehearing Overruled April 14, 1992.

Sullivan & Ave, G. Dennis Sullivan and Calvin C. Fenton, Chancellor & Wood and Edmund R. Wood, Dallas, for appellant.

Kelsoe, Anderson & Khoury, P.C. and Jeffrey L. Clark, Dallas, Shannon, Gracey, Ratliff & Miller, L.L.P. and Anne Gardner, Fort Worth, for appellees.

Before HILL, FARRIS and DAY, JJ.

## OPINION

DAY, Justice.

This appeal arises out of a trespass to try title suit involving 20 acres of real estate in Denton County. Defendant, Bellaire Kirkpatrick Joint Venture, appeals the trial court's judgment after trial to a jury, awarding title to the plaintiffs, Louis Loots and Fred Simons.

Louis Loots and Fred Simons are Flemish investors who, since 1981, have owned 20 acres of land in Denton County. Subsequently, they sought to sell this property. In 1984, they met Fred Brouwers, a native of Holland who emigrated to the United States in 1963 and who now assists Dutch and Flemish citizens in making investments in the United States. Loots and Simons agreed to use Brouwers as their agent in selling the Denton County land.

In turn, Brouwers contacted John Miller, who was familiar with the Texas real estate market. Loots and Simons agreed that Miller could assist Brouwers in finding a buyer for their land. Loots and Simons signed deeds, naming Brouwers as the grantee. Miller provided these deeds and explained that by transferring the title to Brouwers, it would allow him to act on their behalf, similar to a power of attorney in regard to selling the land. Brouwers testified that no one ever intended to actually convey the land to him, but only to assist in the transfer of title to some third party purchaser.

In August of 1985, the search for a purchaser proved successful. Miller procured Martin Matayas, one of the principals in the Bellaire Kirkpatrick Joint Venture, who was willing to pay the agreed price for the land. Closing of the sale was to take place at Safeco Title Company in Lewisville, Texas, on December 9, 1985. However, in October, because of inaccuracies of the legal description in the previous deeds, Miller requested Loots and Simons to sign new deeds, once again naming Brouwers as grantee. This was accomplished. These deeds were then delivered to Miller, with Simons' and Loots' knowledge.

Miller's subsequent behavior, including a request to postpone the closing, aroused Brouwer's suspicions concerning Miller. When he called Safeco to inquire about the pending sale, he was told for the first time that a purported sale of the property had already taken place through another title company in Lewisville. It later became clear that Miller had used the deeds given to him by Brouwers to transfer the property to his own company, Oil Tech Management. Miller then forged the deeds purporting to convey title from Brouwers to Oil Tech. Bellaire Kirkpatrick, as Matayas' assignee, then purchased the property from Oil Tech on December 6, 1985.

Miller, the true wrongdoer, has, inevitably, disappeared.

The case was submitted to the jury on seven special issues. The jury found (1) & (2) that the conveyances from Loots and Simons to Brouwers were made with the intent to convey the property to Brouwers; (3) & (4) that Loots and Simons signed the deeds to Brouwers without the intent to convey the land to Brouwers; (5) that Loots and Simons were negligent in giving the signed deeds to their agent Brouwers; (6) that in August of 1985 when Brouwers first hired Miller, Brouwers knew or should have known that Miller had misappropriated funds in a prior transaction; and (7) the fact that he should have known of this

previous wrongdoing by Miller constituted negligence.

Based (in part) on these findings, the trial court entered judgment that: the deeds from Brouwers to Oil Tech Management were forgeries, and were void; Bellaire Kirkpatrick did not receive any interest in the property because of these deeds; the last operative deeds conveyed the property to Brouwers, but since Brouwers disclaimed title to the land, the property is vested in Loots and Simons. The court disregarded the jury's answers to issues 5, 6, and 7, and found that Bellaire Kirkpatrick had the burden to prove that it was a *bona fide* purchaser for value without notice, and that Bellaire Kirkpatrick met this burden. Notwithstanding this finding, since the trial court also found that the deeds conveying the land to Bellaire Kirkpatrick were forged, the court awarded title to Simons and Loots.

In their first and second points of error, Bellaire Kirkpatrick urges that the trial court erred in entering judgment for Loots and Simons against Bellaire Kirkpatrick on the trespass to try title action because Loots and Simons failed to establish the essential element of superior title in themselves, and because the trial court found Bellaire Kirkpatrick to be a *bona fide* purchaser for value without notice and, therefore, possessed of superior title to any equitable claim of title by Loots and Simons. In their cross-point, Simons and Loots argue that because there was a forged deed in Bellaire Kirkpatrick's chain of title, it was not a *bona fide* purchaser for value, and without notice.

■ Appellant's arguments center around the fact that Bellaire Kirkpatrick met the legal definition for a *bona fide* purchaser for value, and without notice of Loots' and Simons' superior claims to title. Ordinarily, this would vest title in Bellaire Kirkpatrick.

However, Bellaire Kirkpatrick, by definition, cannot be a *bona fide* purchaser if there is a forgery in its chain of title. The deed that conveyed the property to it was itself a forgery. Thus, Bellaire Kirkpatrick's claim must fail.

■ A plaintiff in a trespass to try title suit must recover on the strength of his own title and not on the weakness of the defendant's title. *Adams v. Rowles*, 149 Tex. 52, 56, 228 S.W.2d 849, 853 (1950). When title is controverted, the defendant admits possession of the subject property, but claims better title. The burden of proof is on the plaintiff to establish a superior title in himself by an affirmative showing. *Gillum v. Temple*, 546 S.W.2d 361, 363–64 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). The grounds for such affirmative showing are: (1) title emanating from the sovereignty of the soil to the plaintiff; (2) a superior title in himself emanating from a common source to which the defendant claims; (3) adverse possession; or (4) prior possession at a time which predates the defendant's current possession of the land. *Land v. Turner*, 377 S.W.2d 181, 182 (Tex.1964). Until the plaintiff presents such prima facie proof of title, the defendant is not required to offer evidence of title and the plaintiff may not rely on his failure to do so. Under such circumstances, there is no necessity of determining the question of whether or not the defendant has title to the property. *Routte v. Guarino*, 216 S.W.2d 607, 608 (Tex.Civ.App.—Galveston 1948, writ ref'd n.r.e.). Thus, once Simons and Loots had presented some evidence that they had superior title, the burden fell upon Bellaire Kirkpatrick to rebut that proof.

■ In Texas, those persons claiming title under a subsequent deed have the burden of proof to show that they were subsequent *bona fide* purchasers for value without notice. *Ryle v. Davidson*, 102 Tex. 227, 115 S.W. 28, 29 (1909). Thus, it was Bellaire Kirkpatrick's burden to show that it was a *bona fide* purchaser for value, and was without notice of Loots' and Simons' prior, and better, claim to title. It is incumbent upon the party claiming through the junior deed to secure a finding by the trial court that they were a *bona fide* purchaser. *Raposa v. Johnson*, 693 S.W.2d 43, 46–47 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). While Bellaire Kirkpatrick did secure this finding by the trial court, this

finding is erroneous, as Bellaire Kirkpatrick did not meet the legal standard for being a *bona fide* purchaser for value, and without notice.

■ Even if the joint venturers were otherwise *bona fide* purchasers, which we do not hold, they could not obtain that status with a forged deed in their chain of title. *Pure Oil Co. v. Swindall,* 58 S.W.2d 7, 10 (Tex. Comm'n. App.1933, holding approved). Because a forged deed is void *ab initio,* it is not subject to being revived by mere ratification. *Id.* at 11. No one may claim good title from Brouwers if the deeds from Brouwers to Oil Tech are forgeries and are within the chain of title. The protection usually afforded to a *bona fide* purchaser for value without notice does not apply when such purchaser's claim is dependent upon a forged instrument. No title can be obtained even by an innocent party, under a deed which is forged. *Erwin v. Curtis,* 5 S.W.2d 547, 548–49 (Tex. Civ.App.—Eastland 1928, writ ref'd). None of the cases cited by Bellaire Kirkpatrick, in which void deeds were followed by deeds of independent conveyance that were held to be valid, were cases in which the void deeds were void by reason of forgery. *See, e.g., Thompson v. Crim,* 132 Tex. 586, 126 S.W.2d 18, 20–21 (1939); *Gaynier v. Ginsberg,* 715 S.W.2d 749, 757–58 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *McLain v. Class,* 204 S.W.2d 668, 670 (Tex. Civ.App.—Galveston 1947, writ ref'd n.r.e.); *Blankenship v. Mott,* 104 S.W.2d 607, 611–12 (Tex.Civ.App.—Beaumont 1937, writ dism'd). Status as a *bona fide* purchaser is immaterial, however, in the face of a forged instrument. A void instrument passes no title, and the mere fact that the grantee-mortgagee is an innocent purchaser makes no difference. *1st Coppell Bank v. Smith,* 742 S.W.2d 454, 461 (Tex.App.—Dallas 1987, no writ). Because Bellaire Kirkpatrick was not a *bona fide* purchaser because of the forged deeds, the trial court correctly entered judgment in favor of Simons and Loots. Bellaire Kirkpatrick's points of error one and two are overruled.

■ However, an incorrect conclusion of law by a trial court does not warrant an automatic reversal. *Coleman v. Pacific Employers Ins. Co.,* 484 S.W.2d 449, 452 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.). Reversal is appropriate only when an appellate court is convinced that a different verdict would have been rendered but for the error. *Snider v. Grey,* 688 S.W.2d 602, 604 (Tex.Civ.App.—Corpus Christi 1985, writ dism'd).

■ In a situation like this, when the trial court has rendered an otherwise correct judgment, that judgment will not be set aside because of one or more incorrect conclusions of law. *Valencia v. Garza,* 765 S.W.2d 893, 895 (Tex.App.—San Antonio 1989, no writ). *See also Able v. Able,* 725 S.W.2d 778, 780 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (erroneous conclusions of law do not require reversal if the judgment is otherwise correct on the merits); *Wirth, Ltd. v. Panhandle Pipe & Steel Co.,* 580 S.W.2d 58, 60 (Tex. Civ.App.—Tyler 1979, no writ) (if the trial court renders an otherwise correct judgment, it will not be set aside because it has made one or more incorrect conclusions of law); *Logan v. Sandel,* 580 S.W.2d 632, 634 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) (when trial court decided controlling issues contrary to appellant, any error in other findings of fact were harmless). Thus, appellees' cross-point of error is sustained, but no reversal is necessary, as the judgment was correct.

■ In its third point of error, Bellaire Kirkpatrick complains that the trial court erred in holding the deeds from Oil Tech Management to Bellaire Kirkpatrick were void because of forgery, as the evidence established intent to convey title to Brouwers, and it was the negligence of Loots, Simons, and Brouwers that led to the ultimate transfer of title into Bellaire Kirkpatrick.

Essentially, the appellant claims that the trial court erred in disregarding the jury's findings of negligence on the part of Brouwers in enlisting Miller to assist him. However, while this may or may not have been negligent on Brouwers' part, there was no evidence and no finding on whether Simons and Loots were negligent. Fur-

thermore, an illegal act is generally unforeseeable and takes the damage outside of the realm of foreseeable consequences. Finally, there was no evidence or finding that the negligence, if any, of Brouwers was the proximate cause of injury to Simons and Loots. The proximate cause in this case was the illegal act of Miller in forging the deeds.

◼ Negligence requires the presence of three basic elements: duty, breach of that duty, and injury which is proximately caused by that breach. *City of Gladewater v. Pike*, 727 S.W.2d 514, 517–18 (Tex. 1987); *Bell Helicopter Co. v. Bradshaw*, 594 S.W.2d 519, 531 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Bellaire Kirkpatrick complains only that the acts of Simons and Loots were the proximate cause of their own injuries. We disagree.

◼ Proximate cause has been described as that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that event, or some similar event, might reasonably result therefrom. *Hart v. Van Zandt*, 399 S.W.2d 791, 793 (Tex.1965). Thus, the two elements of proximate cause are cause-in-fact and foreseeability. *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 575 (Tex.1985). Cause-in-fact means that the omission or act involved was a substantial factor in bringing about the injury and without which no harm would have occurred. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex. 1980). Foreseeability requires that the actor, as a person of ordinary intelligence, would have anticipated the danger that his negligent act created for others. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549–50 (Tex.1985). However, foreseeability does not require that a person anticipate the precise manner in which injury will occur once a negligent situation that he has created exists. *Southwest Forest Indus., Inc. v. Bauman*, 659 S.W.2d 702, 704 (Tex.App.—El Paso 1983, writ ref'd n.r.e.).

◼ Foreseeability or anticipation of injury is a necessary element of proximate cause—the test is whether, in light of all attending circumstances, the injury was such as ought reasonably to have been anticipated as a consequence of the act. *Southwest Wheel & Mfg. Co. v. Sholts*, 501 S.W.2d 387, 389 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.). Usually, the criminal conduct of a third party is a superseding cause which relieves the negligent actor from liability. However, the tortfeasor's negligence will not be excused where the criminal conduct is a foreseeable result of such negligence. *Mr. Property Management*, 690 S.W.2d at 548. The question here becomes whether Miller's criminal conduct in forging the deeds was a foreseeable result of his being entrusted with them. We must determine whether the intervening force (forgery) was a risk or hazard which Simons and Loots were under a duty to have perceived and guarded against. We look to see if the harm suffered was a natural and probable cause of the negligence. We also look to see what natural forces and what human conduct should have appeared likely to come upon the scene, and we weigh the dangerous consequences likely to flow from the conduct in light of these interventions. *Southwest Wheel*, 501 S.W.2d at 390. (citations omitted).

In applying the test of foreseeability to situations where a negligently created preexisting condition combines with a later act of negligence causing an injury, there is a distinction between a situation in which one has created a dangerous condition and a later actor observes, or by the circumstances should have observed, the existence of the dangerous condition, and a situation in which the dangerous condition is not apparent and cannot be observed by the actor. *Id.* In regard to the first situation, the intervening act interrupts the natural sequence of the events and cuts off the legal effect of the negligence of the initial actor. This is based upon the premise that it is not reasonable to foresee or

expect that one who actually becomes cognizant of a dangerous condition in ample time to avert the injury, will fail to do so. The situation which existed at the time of the criminal act did not create such a hazard of danger that the reasonable person would have been alerted to the possibility of fraud. *Id.* There is no way that Simons and Loots could have foreseen that their agent would attempt to steal from them.

 Even if Simons and Loots were somehow negligent in entrusting the deeds to Miller (which we do not so hold), an intervening force may be a superseding cause of harm. These factors are set out in *Humble Oil & Ref. Co. v. Whitten*, 427 S.W.2d 313 (Tex.1968). They are: (a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence; (b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation; (c) the fact that the intervening forces are operating independently of any situation created by the actor's negligence or, on the other hand, is or is not a normal result of such a situation; (d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act; (e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and, as such, subjects the third person to liability to him; (f) the degree of culpability of a wrongful act of a *third person which sets the intervening force in motion. Id.* at 315.

 A prior act cannot be made the basis for an action for damages if it does nothing more than furnish the condition or give rise to the occasion which makes the injury possible, if such injury is the result of some other cause which reasonable minds would not have anticipated, even though the injury would not have occurred but for such condition. *Baughn v. Platt,* 123 Tex. 486, 72 S.W.2d 580, 581 (1934). In order to warrant a finding that an injury is the proximate result of an act of negligence, either by commission or omission, it

must appear the injury was the natural and probable consequence of the negligent act complained of and that the party committing the negligent act ought to have foreseen such consequences in the light of the attending circumstance. *Texas & Pacific Ry. Co. v. Bigham*, 90 Tex. 223, 224, 38 S.W. 162, 163 (1896).

Here, Bellaire Kirkpatrick's injury was not the "natural and probable consequence" of Simons' and Loots' attempts to sell their land. Thus, the trial court correctly disregarded the jury's finding of negligence because such negligence, if any, was not the proximate cause of Bellaire Kirkpatrick's injury in that Miller's illegal conduct was totally unforeseeable. Nothing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury to Bellaire Kirkpatrick. *Id.*

In an analogous situation, courts have not held owners responsible in Texas for personal injury or property damage caused by their stolen vehicle. *Williamson v. Wayne Strand Pontiac–GMC*, 658 S.W.2d 263, 264 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). This is an analogous situation, in that Miller stole from Simons and Loots the vehicle (deeds) which caused the injury to Bellaire Kirkpatrick. Further, Texas law provides that an intervening cause reasonably foreseeable by the defendant is not such a new and independent cause as to break the chain of causation between the defendant's negligence and the injury complained of to the extent of relieving the defendant of liability for the injury. The law in Texas clearly puts the risk of a forged deed upon the purchaser. *Pure Oil*, 58 S.W.2d at 11. Bellaire Kirkpatrick's third point of error is overruled.

 In point of error four, Bellaire Kirkpatrick complains that the trial court erred in holding that the purported oral disclaimer of Brouwers made during the trial as to any interest in the land had any legal effect. Bellaire Kirkpatrick argues that oral disclaimers are not recognized in law, and no disclaimer could have the effect of vesting title in another person.

■ It is elementary law that the delivery of a deed is requisite to its validity as a conveyance. To take effect, it is quite as necessary that it should be signed. To complete a delivery in its legal sense, two elements are also essential. The instrument must not only be placed within the control of the grantee, but this must be done by the grantor with the intention that it shall become operative as a conveyance. *Binford v. Snyder*, 144 Tex. 134, 137, 189 S.W.2d 471, 475 (Tex.1945).

■ It follows from these first principles that an instrument which passes into the possession of the grantee, without such intention on the part of the grantor, is wholly inoperative, and that a purchaser from the former acquires in law no title to the property which it purports to convey.

■ The rule that parol evidence is inadmissible to contradict or vary the terms of a written contract applies only to a written contract in force as a binding obligation. Parol evidence is always competent to show the non-existence of the contract. *Baker v. Baker*, 143 Tex. 191, 193, 183 S.W.2d 724, 728 (1944). Parol evidence is admissible to show that a valid contract never, in fact, existed. Thus, the evidence in this case was properly admitted in support of the contention of the non-existence of a valid contract rather than to vary the terms of an existing contract. *Bill Shannon, Inc. v. San Clemente*, 724 S.W.2d 941, 943 (Tex.App.—San Antonio 1987, no writ). Similarly, testimony by Brouwers was admissible to show that no agreement or intent to transfer the property ever existed. Furthermore, the testimony by Brouwers was not offered, as Bellaire Kirkpatrick suggests, to prove title, but instead was admissible to prove that there was a bilateral lack of intent that the deeds to Brouwers be binding.

Moreover, the rule that a disclaimer operates as an estoppel, not as an affirmative grant of title, supports the trial court's holdings. As Bellaire Kirkpatrick's purported chain of title to the property includes the Simons and Loots to Brouwers' deed, any disclaimer by Brouwers serves to estop Bellaire Kirkpatrick from claiming title through him.

Finally, the effect of the disclaimer was not to invalidate the deeds from Simons and Loots to Brouwers, instead it served to aid in establishing Simons' and Loots' superior title. *Binford*, 144 Tex. at 137, 189 S.W.2d at 474 (if a plaintiff can demonstrate superior equitable title, he will prevail without the necessity of canceling a deed which conveyed legal title).

While it was somewhat inconsistent for the trial court to hold that the deeds were effective to transfer title to Brouwers, and then say that Brouwers could disclaim this valid interest, any error was harmless. Disclaimers are valid so, in effect, the trial court was saying that even if the title passed to Brouwers, he could disclaim it, and title would go back to Simons and Loots. There is no rule that one holding a title to real estate may be estopped by disclaiming an interest therein. *Wilson v. Wilson*, 200 S.W.2d 258, 261 (Tex.Civ. App.—Dallas 1946), *rev'd on other grounds*, 145 Tex. 607, 201 S.W.2d 226 (1947). Bellaire Kirkpatrick's fourth point of error is overruled.

■ Finally, in point of error five, Bellaire Kirkpatrick urges that the trial court erred in entering judgment that Loots and Simons recover title and possession of the property from Bellaire Kirkpatrick, or in the alternative, that Loots and Simons recover $660,000 in damages from defendants John Miller, Oil Tech Management, Inc. and Christine Wilson, because such alternative judgment is not appropriate under the facts in this case.

Bellaire Kirkpatrick argues that this judgment is conditional and contingent, and thus may not stand, *citing Hill v. Hill*, 404 S.W.2d 641, 642 (Tex.Civ.App.—Houston 1966, no writ).

We note that *Hill* dealt with the validity of a divorce decree, in which the trial court improperly conditioned the visitation rights of the father upon his ability to secure written permission of his wife. *Id.* Here, no contingency need occur for Loots and Simons to enforce the judgment. No out-

**214**

side event need occur for Loots and Simons to recover their property.

However, such an alternative judgment has been deemed improper in cases based on very similar facts to the ones here. In *Klein v. Garth*, 677 S.W.2d 712, 716–17 (Tex.App.—Tyler 1984, writ ref'd n.r.e.), the court reasoned that because the judgment effectively restored title to the plaintiff, the court was without power to award a conditional money judgment in any amount. *Id.* at 717. An appropriate remedy would be to strike the judgment provisions awarding one of the damages. *See Southern County Mut. Ins. Co. v. First Bank & Trust of Groves*, 750 S.W.2d 170, 174 (Tex.1988). Because of the unique nature of realty, specific performance is the preferred remedy. We sustain Bellaire Kirkpatrick's fifth point of error. Thus, the judgment of the trial court should be reformed to allow title and possession of the realty to be vested in Simons and Loots, and to strike the alternative provisions for monetary relief.

The judgment of the trial court is reformed to strike the provision for alternative relief in the form of money damages. Otherwise, the judgment of the trial court is affirmed.