

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00410-CV

———————————————

ALIZA GROUPS, INC., Appellant

V.

ROSHAN K. NOORANI, Appellee

On Appeal from Probate Court No. 1
Denton County, Texas
Trial Court No. PR-2023-00421-A-02

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

This case involves a real-property title dispute arising out of a probate proceeding. Appellee Roshan K. Noorani filed a petition against Appellant Aliza Groups, Inc. in which she asserted trespass-to try-title and quiet-title claims pertaining to her homestead. The probate court granted Roshan[1] partial summary judgment on the basis that the deed purportedly transferring title to Aliza Groups had been forged and was therefore void. Raising a single issue on appeal, Aliza Groups argues that the probate court erred by granting Roshan's summary-judgment motion because a genuine issue of material fact exists as to whether the deed was forged. We affirm.

## I. BACKGROUND

Roshan and Karim Noorani were married from 1961 until Karim's death in 2020.

In 2006, they purchased a home in Carrollton, Texas (the Property). Although the Property was acquired during the couple's marriage—and therefore constitutes community property—only Karim is named as a grantee on the deed; it does not mention Roshan.

---

[1]Because this case involves multiple members of the Noorani family, we refer to the family members by their first names to avoid confusion. *See, e.g.*, *Est. of Meyers*, No. 02-25-00189-CV, 2025 WL 3723746, at *1 n.1 (Tex. App.—Fort Worth Dec. 23, 2025, no pet.) (mem. op.).

From the date of purchase until Karim's death, the couple lived together on the Property, and it was used exclusively as their marital homestead. After Karim died, Roshan continued to reside on the Property, and she has never moved out.

In November 2017, a warranty deed purporting to convey the Property to Aliza Groups was executed. The deed reflects that it was signed by Karim as grantor, but it is undisputed that Karim did not actually sign the deed. Instead, Karim and Roshan's son, Rahim, signed the deed in Karim's name.

Rahim averred that he executed the deed as part of a business-loan transaction with Aliza Groups' principal, Muhammad Asim Shamim. He did not understand that the document he had signed was a deed to the Property; rather, he believed that it merely granted Aliza Groups a lien against the Property to secure his $200,000 business loan.[2] According to Rahim, neither Karim nor Roshan ever talked to him about selling the Property—much less authorized him to do so—and neither of them knew anything about the business loan from Aliza Groups. Indeed, in his deposition, Rahim explicitly testified that he had not been authorized to sign the deed on his father's behalf.

After Karim died in 2020, a probate proceeding was initiated in Denton County. The estate inventory—which was approved by the probate court—listed the Property as a community asset.

---

[2]Rahim claims that this $200,000 business loan has been repaid in full.

In 2022, Roshan filed suit against Aliza Groups seeking a judgment that she was the rightful owner of the Property.[3] Aliza Groups filed a counterclaim for trespass to try title.

In 2024, Roshan filed a motion for partial summary judgment requesting that title to the Property be quieted in her name because, among other things, the deed to Aliza Groups had been forged and was therefore void. In its response, Aliza Groups did not dispute that the deed had been forged; rather, it argued (1) that the Noorani family should not be rewarded for Rahim's forgery; (2) that despite the forged deed, it had acquired title to the Property through promissory estoppel; (3) that it was entitled to specific performance of the sale regardless of any legal deficiencies in the title transfer so as to prevent fraud; (4) that Rahim had actual or apparent authority to act as Roshan's agent in connection with the sale of the Property and had agreed to the sale on her behalf; and (5) that Roshan had failed to establish her ownership interest in the Property.

After considering the summary-judgment evidence, the probate court signed an order granting Roshan's summary-judgment motion, adjudging the deed to Aliza Groups to be void based on forgery, and quieting title to the Property accordingly.[4]

---

[3]This suit was originally filed in the 467th District Court of Denton County but was later transferred to Denton County Probate Court No. 1 as a proceeding ancillary to the probate case.

[4]The probate court determined that because the Property was the couple's community-property homestead at the time of Karim's death, Roshan now owns fifty

4

The probate court then severed the Property-title claims from the other claims in the case, thereby making the partial summary judgment final and appealable. This appeal followed.

## II. Discussion

In a single issue, Aliza Groups contends that the probate court erred by rendering summary judgment in Roshan's favor. Specifically, it argues that there is a genuine issue of material fact as to whether Rahim had authority to sign the deed to the Property on Karim's behalf—and therefore whether the deed was forged. We disagree.

### A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

A plaintiff is entitled to summary judgment on her own cause of action if she conclusively proves all the claim's essential elements. *See* Tex. R. Civ. P. 166a(a), (c);

_____

percent of the Property as her separate-property homestead and Karim's estate owns the remaining fifty percent.

5

*MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Proof is conclusive if reasonable people could not differ in their conclusions. *Helix Energy Sols. Grp. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005)). If the plaintiff's motion and evidence facially establish her right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

## B. Analysis

A forged deed is void as a matter of law and passes no title. *Bellaire Kirkpatrick Joint Venture v. Loots*, 826 S.W.2d 205, 210 (Tex. App.—Fort Worth 1992, writ denied); *accord Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.). As relevant here, "[t]he term 'forge' means[] 'to alter, make, complete, execute, or authenticate any writing so that it purports . . . to be the act of another who did not authorize that act . . . .'" *Henry v. Henry*, No. 02-24-00507-CV, 2025 WL 2264198, at *4 (Tex. App.—Fort Worth Aug. 7, 2025, pet. denied) (mem. op.) (quoting Tex. Penal Code Ann. § 32.21(a)(1)(A)).

As noted, Roshan argued in her summary-judgment motion that she was entitled to judgment as a matter of law on her trespass-to-try-title and quiet-title claims because, inter alia, Rahim had forged his father Karim's signature on the deed transferring the Property to Aliza Groups. As evidence of the forgery, she attached Rahim's declaration in which he averred that (1) he had signed Karim's name to Aliza

6

Groups' deed to the Property under the mistaken belief that it was a "lien document" to secure a $200,000 business loan; (2) neither of his parents had "ever talked to [him], or anyone else within [his] hearing, about selling or transferring [the Property] to Aliza Groups . . . or anyone else"; (3) neither of his parents had "ever wanted to sell or agreed to sell or transfer [the Property] to Aliza Groups . . . or anyone else"; and (4) "[a]t no time ever did [he] have any authority from [Karim or Roshan] to sign any lien or deed on [the Property]." The summary-judgment record also included the transcript of Rahim's deposition in which he testified unequivocally that he had signed the deed in his father Karim's name and that he had done so without Karim's authorization. This evidence was sufficient to facially establish that the deed was void on the basis of forgery and thus shifted the burden to Aliza Groups to create a genuine issue of material fact.[5] *See M.D. Anderson Hosp. & Tumor Inst.*, 28 S.W.3d at 23; *see also* Tex. R. Civ. P. 166a(c); *WBL SPO I, LLC v. United Hotels, LLC*, No. 08-23-00217-CV, 2025 WL 2023064, at *4–5 (Tex. App.—El Paso July 18, 2025, no pet.)

[5]In its reply brief, Aliza Groups asserts—for the first time—that Roshan cannot rely upon Rahim's declaration and deposition testimony to support her summary-judgment motion because Rahim is an interested witness and because the fact that he "acted deceitfully" in signing the deed to the Property renders his testimony uncredible. *See* Tex. R. Civ. P. 166a(c) ("A summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."). But Aliza Groups did not raise this objection in the trial court—or even in its opening appellate brief— and has therefore forfeited it. *See* Tex. R. Civ. P. 166a(f); *Herrington v. Cote*, No. 01-04-00212-CV, 2007 WL 926622, at *3 (Tex. App.—Houston [1st Dist.] Mar. 29, 2007, no pet.) (mem. op.); *WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 721 (Tex. App.—Dallas 1995, no writ).

(mem. op.) (holding that limited-liability-company member's affidavit "directly stat[ing] that [the appellee's] members did not authorize the transfer of its sole asset" was "sufficient to shift the burden to [the appellant] to produce summary[-]judgment evidence showing prior written approval for the transfer of title"). But it failed to do so.

On appeal, Aliza Groups argues that Roshan was not entitled to summary judgment because a fact issue exists as to whether Rahim had authority to sign his father's name to the deed—and thus whether the deed was actually forged. But this argument was at most only hinted at in Aliza Groups' summary-judgment response. Although Aliza Groups argued that Rahim had authority to act as *his mother Roshan's* agent, it did not explicitly argue that he had authority to sign the deed to the Property on his father Karim's behalf. Indeed, Aliza Groups explicitly recognized that Rahim had "admit[ted] to forging the deed," contended that he should not be rewarded for his actions because "[t]he [l]aw [a]bhors [f]orgery," and asserted that "Rahim['s] . . . forgery [did] not negate the sale of the [Property]" because Aliza Groups "ha[d] acquired the [Property] through detrimental reliance." Because Aliza Groups' appellate argument does not comport with its summary-judgment response in the trial court, it is not preserved. *See* Tex. R. Civ. P. 166a(c); *Wells Fargo Bank N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015); *Anderton v. Cawley*, 378 S.W.3d 38, 56 (Tex. App.— Dallas 2012, no pet.).

And even if we were to liberally read Aliza Groups' summary-judgment response as raising the argument that it espouses on appeal, Aliza Groups nevertheless failed to satisfy its burden to create a genuine issue of material fact regarding the deed's forgery. *See* Tex. R. Civ. P. 166a(c). The only evidence referenced in Aliza Groups' summary-judgment response that might conceivably support the argument that Rahim had authority to sign his father's name to the deed is Rahim's statement in his deposition that "he d[idn't] remember if he [had] signed other documents with his father's name" and the fact that he responded "that he could not remember at least [ninety] times" during his deposition when asked "specific questions regarding past loans, [their] repayment, and the sale of the [P]roperty." But Rahim's failure to remember whether he had signed his father's name on other documents is not evidence that he had authority to sign his father's name on the deed to the Property. At most, this evidence creates a mere surmise or suspicion that Rahim had authority to sign the deed on his father's behalf; thus, it is insufficient to create an issue of material fact. *See Est. of Butts*, 686 S.W.3d 768, 778 (Tex. App.—Beaumont 2023, no pet.) ("Evidence does not create an issue of material fact if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." (quoting *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014))).

In light of the foregoing, we conclude that the trial court did not err by granting Roshan summary judgment. Accordingly, we overrule Aliza Groups' sole issue.

### III. CONCLUSION

Having overruled Aliza Groups' sole issue, we affirm the trial court's summary judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: April 30, 2026